Argued February 11, affirmed April 9, 1970

ROSENCRANTZ, *Respondent, v.* INSURANCE
SERVICE COMPANY, *Appellant.*

467 P2d 664

*Daryll E. Klein,* Portland, argued the cause for appellant. With him on the brief were McMenamin, Blyth, Jones & Joseph, Portland.

*Harl H. Haas, Jr.,* Portland, argued the cause for respondent. On the brief were Don G. Swink and Bailey, Swink & Haas, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

This is a workmen's compensation case in which the workman's widow claims benefits arising out of the death of her husband, Rodney Rosencrantz. He was employed by defendant insurance company. One of the accounts he handled for the company was that of the Three Star Restaurant and Lounge. On February 8, 1968, he was struck and killed by a passing automobile as he was crossing the highway to enter the Three Star Restaurant and Lounge. Defendant contends decedent was on a private and personal errand when he was killed. The widow contends he was in the course of his employment. The hearing officer found that decedent had three purposes in visiting the Three Star: (1) to furnish funds to a woman acquaintance who was an employe of Three Star with which to purchase flowers for her grandfather's funeral; (2) to reimburse the Three Star for funds advanced by it to the same woman; and (3) to collect from one of the owners of Three Star, checks for substantial arrear-

ages due defendant for insurance coverage. The record supports these factual findings of the hearing officer. He then concluded that decedent's fatal accident arose out of and in the course of his employment. On appeal the Workmen's Compensation Board and the circuit court affirmed the hearing officer.

■■ The question before this court on *de novo* review, then, is the same as that presented to the hearing officer, the Workmen's Compensation Board and the circuit court, i.e., whether decedent's death resulted from injury arising out of and in the course of his employment. To be compensable, the claim must arise both out of and in the course of the workman's employment. ORS 656.002(6); *Larsen v. State Ind. Acc. Com.*, 135 Or 137, 295 P 195 (1931). Of course, a trip that is purely personal does not arise out of and in the course of employment. However, if the trip is one of dual purpose, both business and personal, then the injury may arise out of and in the course of employment under certain circumstances. 1 Larson, Workmen's Compensation Law 294.3, § 18.00 (1968), states the test this way:

> "Injury during a trip which serves both a business and a personal purpose is within the course of employment if the trip involves the performance of a service for the employer which would have caused the trip to be taken by someone even if it had not coincided with the personal journey * * *."

Larson goes on to say in § 18.12 at 294.5-294.10:

> "The basic dual-purpose rule, accepted by the great majority of jurisdictions, may be summarized as follows: when a trip serves both business and personal purposes, it is a personal trip if the trip would have been made in spite of the failure or absence of the business purpose and would have

> been dropped in the event of failure of the private purpose, though the business errand remained undone; it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to be performed for the employer would have caused the journey to be made by someone even if it had not coincided with the employee's personal journey."

This is called the rule of *Matter of Marks v. Gray,* 251 NY 90, 167 NE 181 (1929), and has been mentioned, although not specifically passed upon, in Oregon. *Munson v. State Ind. Acc. Comm.,* 142 Or 252, 20 P2d 229 (1933). Defendant urges that the trip would have been made in the instant case if the business errand had been canceled and also argues that the trip would not have been made at all had it not been for the private errand. It appears likely that the personal trip would have gone forward though the business errand had been canceled. But it also appears that upon failure of the personal visit, decedent would have felt obliged to proceed to the Three Star to continue his effort to attempt to obtain the several thousand dollars in arrearages due his company.

■ In discussing the rule in *Matter of Marks,* supra, Larson continues in § 18.13 at 294.10-294.11:

> "It is inaccurate and misleading to call this test, as sometimes has been done, the 'dominant purpose' test, or to paraphrase it by saying that the trip is a business trip if the 'primary' purpose is business. Judge Cardozo used no such language. He said it was sufficient if the business motive was a concurrent cause of the trip. He then defined 'concurrent cause' by saying that it meant a cause which would have occasioned the making of the trip even if the private mission had been canceled. One detail must be stressed to make this rule com-

plete: it is not necessary, under this formula, that, on failure of the personal motive, the business trip would have been taken *by this particular employee at this particular time*. It is enough that someone sometime would have had to take the trip to carry out the business mission. Perhaps another employee would have done it; perhaps another time would have been chosen; but if a special trip would have had to be made for this purpose, and if the employer got this necessary item of travel accomplished by combining it with this employee's personal trip, it is accurate to say that it was a concurrent cause of the trip, rather than an incidental appendage or afterthought."

The hearing officer applied the facts as he found them to the law quoted from Larson and concluded that the decedent's visit to the Three Star Restaurant and Lounge was both for business and private purposes, and that the business purpose was a concurrent cause of the trip, squarely within the rules set forth in *Larson,* supra. He therefore found, as did the Workmen's Compensation Board and circuit court, that decedent's accident arose out of and in the course of his employment. We concur in his reasoning and findings.

Affirmed.