Argued April 19, remanded with instructions May 28, petition
for rehearing denied June 29, petition for review
denied September 21, 1971

LOGAN, *Appellant, v.* BOISE CASCADE
CORPORATION, *Respondent.*

485 P2d 441

*Daniel O'Leary*, Portland, argued the cause for appellant. With him on the briefs were John J. Haugh and Pozzi, Wilson & Atchison, Portland.

*David P. Miller*, Portland, argued the cause for respondent. With him on the brief were Davies, Biggs, Strayer, Stoel & Boley, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

This is an appeal by the claimant from an adverse decision by the circuit court on his claim for compensation and attorney fees arising out of a back injury allegedly received when employed by Boise Cascade Timber Products at Medford in 1968.

The history of the claim proceedings is rather complex. We summarize:

Claimant stated that he hurt his back in an industrial accident on May 20, 1968. He did not file his claim within the 30 days provided by statute, ORS 656.265 (1) and (2), but did file on July 26, 1968.

> "The earliest notice the employer had of the claimant's claim of injury was on or about July 19, 1968—the day the claimant went to the hospital. This notice had to be corrected for final signature and was finally signed in its present form on July 26, 1968 * * *." Hearing Officer's Opinion and Order of December 10, 1968.

The employer voluntarily commenced to pay compensation on July 26, 1968, following claimant's hospitalization and continued making the payments until September 13, 1968, when the employer rejected the claim on the ground it had been untimely filed. The claimant

requested a hearing and the hearing officer found that the accident had occurred within the course and scope of claimant's employment and that the employer, by voluntarily paying the claimant compensation payments, had waived the late notice of the claim. The opinion of the hearing officer sets forth succinctly his interpretation of the relevant statutes:

"OPINION

"(1) Timeliness.

"ORS 656.265 (1) and (2) require that written notice of an injury be given to the employer not later than 30 days after the accident.

"ORS 656.265 (4) provides:

" 'Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 unless:

" '* * * (b) The department or direct responsibility employer has begun payments as required under ORS 656.001 to 656.794 * * *.'

"The employer did commence paying compensation to the claimant shortly after the claimant filed his written claim, even though this was approximately two months after the occurrence of the alleged compensable injury.

"Therefore the defense of untimely filing is not available to the employer in this case.

"* * * * *."

The Workmen's Compensation Board affirmed the hearing officer.

The complexities then commenced when on appeal to circuit court, it, as we shall subsequently point out, erroneously ruled that the hearing officer and the board were in error. Upon remand, then, the hearing officer and the board were required by the circuit court

reversal to apply erroneous guidelines which resulted in orders by them barring the claim. On appeal to it, the circuit court affirmed the board's order barring the claim. This appeal resulted.

■ The focal issue arises from a construction given the statute ORS 656.265, quoted in part supra, which provides in pertinent part:

"(1) Notice of an accident resulting in an injury or death shall be given immediately by the workman or his dependent to the employer, but not later than 30 days after the accident. The employer shall acknowledge forthwith receipt of such notice.

"* * * * *

"(4) Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 *unless*:

"(a) The contributing employer or direct responsibility employer had knowledge of the injury or death, or the * * * direct responsibility employer has not been prejudiced by failure to receive the notice; *or*

"(b) The * * * *direct responsibility employer has begun payments* as required under ORS 656.001 to 656.794; or

"(c) The notice is given within one year after the date of the accident and the workman or his beneficiaries establish in a hearing he had good cause for failure to give notice within 30 days after the accident." (Emphasis supplied.)

The circuit court held that the voluntary payment of compensation by the employer to the employe who had failed to give notice of his accidental injury within 30 days after the occurrence did not preclude the employer from denying the claim as having been untimely filed. In so ruling the court held that ORS 656.265

(4)(b) was void and of no effect. The circuit court reasoned:

> "The portion of the statute relating to knowledge of the injury obviously applies only in cases where the employer has knowledge before the notice period expires, otherwise knowledge of the injury received months or years after the injury would excuse the late filing of notice. If the knowledge of the injury must be received within the 30-day period to excuse the late filing then payment of compensation must commence within the 30-day period to excuse the late filing as ORS 656.265 must be construed in its entirety. The Court construes ORS 656.265 to mean that failure to give notice within 30 days bars the claim unless the employer has begun payments within the 30-day period. The Court is aware that this construction actually renders ORS 656.265 (4) (b) meaningless as an employer could not begin payments without having knowledge of the claim but this in the Court's opinion is the only logical way that this statute may be construed."

It is our duty, if possible, to give application to a statute as written and, if there is a real or apparent conflict between two statutes, to attempt, insofar as practicable, to give effect to both. In this case the trial court apparently overlooked the statute which provides that merely paying compensation shall not be considered acceptance of a claim or an admission of liability. ORS 656.262 (7) provides:

> "Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability, nor shall mere acceptance of such compensation be considered a waiver of the right to question the amount thereof."

Construing ORS 656.262 (7) and 656.265 (4)(b) together, it seems clear that when a claim is filed over 30 days after the accident the bar of late filing will

be waived by the employer's commencing payment of compensation, though the payments did not begin until after the expiration of the 30 days. The Workmen's Compensation Board also construed the two statutes together in its June 4, 1969, Order on Review where it said in part:

"* * * It is important to note that ORS 656.262 (7) provides that merely paying compensation shall not be considered acceptance of a claim or an admission of liability. The Board construes the two sections together to permit the employer to question a claim after late notice from the workman despite a payment of compensation. The statute simply does not work an automatic bar to the claim under these circumstances. The claimant may assert the claim and the employer may defend upon the merits. * * *"

We hold, in accordance with ORS 656.265 (4) (b), that the employer's voluntary payment of benefits precluded it from denying the claim on the ground it had been untimely filed. This would not have prevented the employer from contesting the claim on the merits. ORS 656.262(7). The employer did not contest the determination of the hearing officer and of the board on the finding that this was a compensable injury. As the circuit court stated in its Memorandum Opinion of December 10, 1969:

"* * * The appellant on this appeal does not contest the Board's finding that claimant sustained an accidental compensable injury. * * *"

In our view, therefore, the claimant is entitled to compensation and the case must be remanded to the circuit court for further proceedings.

■ The other matter which is before the court in this appeal is that of attorney fees awarded for

services in the court below. The circuit court allowed claimant $350. At that point $1,000 had already been allowed claimant as attorney fees. We cannot say that the circuit court's allowance of $350 additional was an abuse of discretion. Attorney fees for subsequent proceedings will be allowed by this court on motion.

It is ordered that this case be remanded to the circuit court with instructions to enter judgment in favor of claimant requiring that the employer accept this claim and pay all compensation due and owing.

Remanded with instructions.