Argued October 10, affirmed November 6, 1975

BEBOUT, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND, *Petitioner.*

541 P2d 1293

*John R. Faust, Jr.,* Special Assistant Attorney
General, Portland, argued the cause for petitioner.
With him on the briefs were Lee Johnson, Attorney
General, and W. Michael Gillette, Solicitor General,
Salem.

*David A. Rhoten,* Salem, argued the cause for re-
spondent. With him on the brief were Keith J. Bauer,
and Rhoten, Rhoten & Speerstra, Salem.

Before McALLISTER, Presiding Justice, and DEN-
ECKE, TONGUE, HOWELL and BRYSON, Justices.

PER CURIAM.

Sheila Bebout was an employee of T.C.I., Inc. On February 26, 1970, she died as the result of an automobile accident. On November 26, 1971, William Bebout (claimant), as the widower of Mrs. Bebout and the guardian of her children by a former marriage, applied for benefits under the State Accident Insurance Fund (Fund). The Workmen's Compensation Board found the claimant's claim was compensable, and the action of the Board was affirmed by the circuit court and the Court of Appeals, 22 Or App 1, 537 P2d 563 (1975). We granted the Fund's petition for review primarily on the issue of whether the claimant's request for a hearing was timely filed.

Fund contended that the claimant's claim was barred because the request for a hearing was not timely filed under ORS 656.319(1)(a), which provides that a hearing on any question relating to a compensable injury shall not be granted unless a request for a hearing is filed within one year after the date of the accident.

After this court granted review and at the time of the argument on the appeal, counsel for the Fund advised the Court that ORS 656.319 had been amended by Chapter 497, Oregon Laws 1975, and expressly given retroactive effect. Therefore, the Fund's contention that claimant's claim was not timely filed was no longer valid. Consequently, that issue is no longer before us.

We also agree with the Court of Appeals that Mrs. Bebout was in the course and scope of her employment at the time of the accident and therefore subject to the Workmen's Compensation laws.

The judgment of the Court of Appeals is affirmed.[1]

[1] While it had no effect on the appeal, Fund also contended at the time of argument that the claimant's telephone call to the Fund inquiring about possible coverage and the advice to claimant that benefits were not payable should not constitute actual notice to the Fund, thereby requiring the Fund to issue a written denial of the claim with information of hearing rights as required by ORS 656.262(6).

The Fund also contended that ORS 656.265(4)(a) excusing a failure to give notice of an accident to the employer not later than 30 days after the accident does not apply to a non-conforming employer.

We conclude that any problems in these two areas should properly be addressed to the legislature.