Argued March 19, affirmed April 19, reconsideration denied May 26, petition for review denied June 2, 1976

JOHNSON, *Appellant,*

*v.*

EMPLOYEE BENEFITS INSURANCE CO. et al, *Respondents.*

(No. 20173, CA 5673)

548 P2d 519

*Charles Paulson,* Portland, argued the cause and filed the brief for appellant.

*R. Kenney Roberts,* Portland, argued the cause for respondents. With him on the brief were Jones, Lang, Klein, Wolf & Smith, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

The central issue in this workmen's compensation appeal is whether or not the injuries which claimant suffered in an automobile-truck collision arose out of and in the course of claimant's employment, as required by former ORS 656.002(7)(a) (now ORS 656.005(8)(a)).

Claimant appeals from a judgment of the circuit court which affirmed the order of the Workmen's Compensation Board denying his claim.

Claimant was a salaried employe of Brooks Resources, a land developer. He was employed as a maintenance man in the firm's property subdivisions near La Pine in central Oregon. His job duties included fire and vandalism patrols, cleaning rights of way, building maintenance and related work. He was authorized to drive an employer-owned pickup truck in the performance of his duties and was allowed to keep it at his home, which was near his work, at night and on weekends. The truck was radio-equipped to monitor fire calls and carried a 125 gallon water tank for use in fire-fighting. The radio had an effective range of 15 to 20 miles. Claimant was considered to be on call 24 hours a day in case of emergency.

The claimant's supervisor testified that claimant had been advised that in the interest of economy he should not use the vehicle to drive to Bend, which is 30 miles north of La Pine, for supplies of small items, as other persons living at Bend could bring the supplies down with them.

The collision occurred while claimant was driving the company truck near Terrebonne on Saturday, August 5, 1972, which was claimant's regular day off. Terrebonne is approximately 54 miles north of claimant's home base near La Pine.

On the day of the accident claimant, after making his rounds on fire watch, had informed a Brooks

Resources office employe that he was going to Bend to exchange a sandbelt needed for his work, then to take his wife and stepchildren to a carnival in Redmond, and thence to Terrebonne for a social visit with his brother. The collision occurred on the Redmond-to-Terrebonne leg of the journey. Claimant did not dispute that both Redmond and Terrebonne were outside his work area.

The main emphasis of claimant's argument in support of coverage relates to the two-way radio in the truck, and the fact that claimant was on call 24 hours a day. Claimant contends that this placed him under the control of his employer at all times.

Based upon our de novo review, and assuming without deciding that under *Bebout v. SAIF,* 22 Or App 1, 537 P2d 563, *aff'd* 273 Or 487, 541 P2d 1293 (1975), claimant's claim was filed within the time prescribed by law, we conclude that claimant's injury did not arise out of and in the course of his employment.

The collision occurred on claimant's day off while he was traveling on a personal side trip.[1] The business purpose of the trip ended at Bend. While claimant was on call at all times, particularly during the forest fire season, the weight of the evidence was that the location where the crash occurred was beyond the effective range of the truck's two-way radio without relay assistance. There was testimony, however, that claimant kept the radio turned on at all times and had heard

---

[1]In his brief claimant has inserted the following as evidence of company policy relative to the private use of company vehicles by employes:

" 'Company vehicles are intended to be used in the performance of company business. Because supervisory people are interpreted to be on 24 hour call to perform company business the company vehicle can be taken to the individual's home and be used in and around the Bend-Sisters Project area. The company vehicles may not be used on personnel [sic] trips outside those areas.' June 15, 1970 memo from R. L. Harrison, President."

We can find nothing in the record to show that the above was offered or received in evidence during the hearing. Accordingly we do not consider it on this appeal.

broadcasts near the time of the accident. Assuming claimant had been called, he could not have rendered timely assistance.

We find no basis for claimant's contention that the instant case comes within a recognized exception to the so-called "going and coming rule."[2] The "going and coming rule" has no application here because claimant was neither going to nor coming home from work. The accident occurred while claimant, together with his family, was going first to a carnival, then to visit claimant's brother.

Claimant relies in part on *Blount v. State Road Dept.,* 87 So2d 507 (Fla 1956), and *Boutte v. Mudd Separators, Inc.,* 236 So2d 906 (La App), *writ refused* 256 La 894, 240 So2d 231 (1970). Both cases are immediately distinguishable from the instant case on the facts. In neither *Blount* nor *Boutte* was the injured employe engaged in a personal side trip. In both, the claimant was furthering the interests of his employer at the time of the motor vehicle accident.

We agree with the referee, the Board and the circuit court that claimant's injury was not covered. *See generally,* Workmen's Compensation Practice, Oregon State Bar CLE handbook, Work Connection Requirements, ch 11 (1975). *Cf., Bebout v. SAIF,* supra.

Affirmed.

---

[2] *See, Gumbrecht v. SAIF,* 21 Or App 389, 534 P2d 1189 (1975); *Casper v. SAIF,* 13 Or App 464, 511 P2d 451 (1973).