Argued March 2, reversed and remanded July 2, reconsideration allowed, former opinion adhered to (41 Or App 649, 598 P2d 1248) August 27, 1979

FRASURE, et al, *Respondents,*

*v.*

AGRIPAC, INC., et al, *Petitioners.*

(WCB Nos. 76-5851, 77-2452, CA 12391)

596 P2d 1015

Steven K. Blackhurst, Portland, argued the cause for petitioners. With him on the brief were Glen McClendon and Lindsay, Nahstoll, Hart, Neil & Weigler, Portland.

Gary J. Ebert, Ontario, argued the cause for respondent Lonnie Frasure. With him on the brief was Yturri, Rose & Burnham, Ontario.

Elizabeth K. Reeve, Portland, argued the cause for respondents Permaneer Corp. and Chubb Pacific Indemnity Group. With her on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, James D. Huegli, and Ridgway K. Foley, Jr., Portland.

Before Schwab, Chief Judge, and Thornton, Lee and Gillette, Judges.

THORNTON, J.

## THORNTON, J.

This appeal involves two back injuries, the second of which resulted in two different and conflicting claims, both arising from the same incident. Claimant suffered his first injury on January 13, 1972, when he slipped and fell from a platform while working for Permaneer Corporation. This injury ultimately necessitated surgery. The claim was accepted and processed by Permaneer's insurance carrier, Chubb Pacific Indemnity Group, and was closed on June 5, 1974, with an award of partial disability for back and right leg.

In 1975, claimant was placed in vocational rehabilitation and underwent training to be a machinist. On June 10, 1975, claimant was placed in an on-the-job program with a machine works firm in Corvallis. During this period he had no serious problems with his injured back, although he had some pain symptoms. This job, however, was terminated by the company because of economic conditions.

On September 13, 1975, claimant was hired by Agripac at its Corvallis cannery and put to work shoveling corn in a bent-over position from beneath a conveyor belt, which involved lifting, bending and stooping. On the very first day (Saturday), claimant started to complain of back pain, apparently because of the nature of the work. He went to his foreman and told him he could not do this type of labor. The foreman transferred him to a different type of shoveling job for the remainder of the workday. At the end of the day, claimant went home and rested his back all day Sunday.

On Monday he was assigned to a different task-- picking beets from a conveyor belt. When his back continued to give him severe pain, he went to his supervisor (a different individual) and told him his back was bothering him and that he would have to go home. The supervisor said, "Okay."

[9]

Instead of going home, claimant went to the emergency room of the hospital and was given outpatient treatment. The next day he consulted his treating doctor. Claimant's physicians, after examining him, concluded that he had suffered an aggravation rather than a new injury and reported it accordingly to Chubb Pacific, which paid claimant time loss and medical benefits to and through a second back operation.

Nearly 17 months after the Agripac incident, claimant's doctors apparently reversed their diagnosis and concluded that claimant had suffered a new injury at Agripac rather than an aggravation. Based on this subsequent diagnosis, claimant consulted an attorney and filed a new claim for the Agripac incident with Leatherby Insurance Company, insurance carrier for Agripac. Leatherby denied responsibility, contending that the filing was not timely and that claimant had sustained an aggravation rather than a new injury.

Claimant then appealed this denial to the referee. In addition, claimant also appealed the earlier order against Permaneer and Chubb Pacific on the prior aggravation claim, which had granted claimant time loss and medical benefits, but made no further award of permanent partial disability.

After a full evidentiary hearing the referee concluded that claimant, while shoveling at Agripac, had sustained a new injury rather than an aggravation; that such claim was not barred by his untimely filing of his claim; that claimant was entitled to an award of 240 degrees for 75 percent of the maximum allowable for unscheduled disability; that the claim cost was chargeable to Leatherby Insurance Company.

The Workers' Compensation Board, on *de novo* review, agreed with the findings and conclusions of the referee but reduced the award to 208 degrees or 65 percent of the maximum.

Based on our *de novo* review of this record, we conclude as follows:

1) Claimant's work activities at Agripac on September 13, 1975, were a material contributing factor to claimant's need for further back surgery; the claimant in fact sustained a new injury for the purposes of this case.

2) Neither Agripac nor its carrier, Leatherby Insurance Company, received notice of the new injury within the time fixed by law; both were prejudiced by this delay; said claim is therefore barred as to Agripac and Leatherby.

■ 3) Although the usual rule involving successive injuries (as distinguished from injury followed by aggravation) places full liability on the insurance carrier covering the risk at the time of the most recent injury that bears a causal relationship to the disability (here Leatherby Insurance Company), the peculiar facts involved here require a different result.

■ 4) By voluntarily accepting and processing claimant's claim and paying aggravation benefits to claimant for approximately 17 months, Chubb Pacific is estopped to assert the defense of nonliability and must be deemed to have assumed liability for the reasonable consequences of that action which resulted here. *Cf., National Lead Co. v. Workmen's Comp. App. Bd.*, 251 Cal App 2d 673, 60 Cal Rptr 41 (1967); 3 Larson, Workmen's Compensation Law 15-149, et seq., § 78.44, *Excuses based on Employer Fault* (1976).

By the same token, claimant, having claimed aggravation and accepted benefits therefor from the first employer and its carrier, should likewise be precluded from taking a contrary position. In other words, both claimant and the employer's carrier are bound by the consequences of their respective actions.

[11]

5. It follows that Chubb Pacific must be held liable for the full extent of claimant's permanent partial disability and time loss.

Reversed and remanded.