On respondents' petition for reconsideration filed
August 1, former opinion filed July 2 (41 Or App 7, 596 P2d 1015),
reconsideration allowed, former opinion
adhered to August 27, petition for review allowed December 11, 1979

FRASURE, et al,
*Respondents,*
*v.*
AGRIPAC, INC., et al,
*Petitioners.*

(WCB Nos. 76-5851, 77-2452, CA 12391)

598 P2d 1248

Elizabeth K. Reeve and Souther, Spaulding, Kinsey, Williamson & Schwabe, and Robert E. Joseph, Portland, for petition.

[649]

THORNTON, J.

## THORNTON, J.

In their petition for rehearing, petitioners Permaneer Corp. and its insurance carrier Chubb Pacific Indemnity Group contend that we erred in holding that Permaneer is now estopped to assert the defense of nonliability by voluntarily accepting the claimant's claim for aggravation and paying benefits to him for approximately 17 months.

In support of this contention, petitioners rely on ORS 656.262(7);[1] *Logan v. Boise Cascade Corp.*, 5 Or App 636, 485 P2d 441, *rev den* (1971); *Jacobson v. SAIF*, 36 Or App 789, 585 P2d 1146, *rev den* 284 Or 521 (1978); and similar cases.

Petitioners assert that the instant holding is diametrically opposite to the above authorities. We disagree.

While it is true that "[m]erely paying or providing compensation [to an injured worker] shall not be considered acceptance of a claim or an admission of liability * * *," ORS 656.262(7), this rule has no application to the case at bar because here petitioners had *accepted* claimant's claim without any objection, and the referee so found. Petitioners do not challenge this finding on appeal.

Similarly, neither *Logan v. Boise Cascade Corp.* nor *Jacobson v. SAIF*, both *supra*, are in point because in neither case did the employer (or SAIF) *accept* the claim, although it did voluntarily commence paying compensation following claimant's hospitalization in *Logan* and claimant's medical expenses in *Jacobson*. In both cases the employer subsequently rejected the claims. We held that the making of the voluntary payments by the employer did not bar the employer from subsequently denying the claim but only from

---

[1] "Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability, nor shall mere acceptance of such compensation be considered a waiver of the right to question the amount thereof." ORS 656.262(7).

denying the claim on the ground that it had not been timely filed. ORS 656.265.

Contrary to petitioner's arguments, our decision in the case at bar therefore does not change the existing rules allowing employers to commence payments to injured claimants immediately after the accident (within 14 days under ORS 656.262(4)), but subsequently to contest the claim on the merits.

Reconsideration granted. Former opinion adhered to.