In the Matter of the Compensation of

MAGEE,
*Petitioner,*

*v.* '

STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(No. 78-5466, CA 17169)

617 P2d 295

Alan L. Ludwick, Springfield, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Appellate Counsel SAIF, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, SAIF, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

This is an appeal from an order of the Board denying medical and disability benefits for injuries sustained in an automobile accident. The Board reversed the referee's finding that claimant's business and personal motivations were concurrent when the accident occurred and that, therefore, he was entitled to the protection of the Workers' Compensation Law.

■ The parties agree that the applicable law is stated in *Rosencrantz v. Insurance Service,* 2 Or App 225, 227, 467 P2d 664 (1970):

"The question before this court *** is the same as that presented to the [referee and Board], i.e., whether decedent's death resulted from injury arising out of and in the course of his employment. *** Of course, a trip that is purely personal does not arise out of and in the course of employment. However, if the trip is one of dual purpose, both business and personal, then the injury may arise out of and in the course of employment under certain circumstances. 1 Larson, Workmen's Compensation Law 294.3, § 18.00 (1968), states the test this way:

" 'Injury during a trip which serves both a business and a personal purpose is within the course of employment if the trip involves the performance of a service for the employer which would have caused the trip to be taken by someone even if it had not coincided with the personal journey ***.

" 'The basic dual-purpose rule, accepted by the great majority of jurisdictions, may be summarized as follows: when a trip serves both business and personal purposes, it is a personal trip if the trip would have been made in spite of the failure or absence of the business purpose and would have been dropped in the event of failure of the private purpose, though the business errand remained undone; it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to be performed for the employer would have caused the journey to be made by someone even if it had not coincided with the employee's personal journey.' "

■ The referee noted several inconsistencies in plaintiff's evidence but concluded that the claimant

and his wife were credible in their testimony to the effect that there was a dual purpose in the trip they took. He therefore found that there was a dual purpose. The Board apparently decided that the claimant and his wife were not credible witnesses because of the inconsistencies. Claimant urges that we should follow our usual practice and defer to the referee. Claimant acknowledges that the referee's finding of credibility is not binding on this court but urges that "unless the evidence relied upon by the Board is more persuasive than Claimant's testimony then the Court of Appeals should defer to the Referee who saw the witnesses." *See Horton v. Mrs. Smith's Pie Company,* 38 Or App 575, 590 P2d 791 (1979). As in *Horton* recitation of the facts is not warranted. *See Hoag v. Duraflake,* 37 Or App 103, 585 P2d 1149, *rev den* 284 Or 521 (1978). But unlike *Horton,* in this instance we are satisfied that the inconsistencies and unlikelihoods in the claimant's and his wife's testimony militate very heavily against their credibility on the ultimate factual issue under the so-called "dual purpose" test as set out in *Rosencrantz.* We conclude that the purpose of the trip was not proven to be other than personal.

Affirmed.