Submitted on remand from the Oregon Supreme Court November 4, 1980, affirmed January 19, 1981

In the Matter of the Compensation of
Lonnie Frasure, Claimant.
FRASURE et al,
*Respondents,*
*v.*
AGRIPAC, INC., et al,
*Petitioners.*
(WCB Nos. 76-5851, 77-2452, CA 12391)

622 P2d 321

Steven K. Blackhurst, Portland, argued the cause for petitioners. With him on the brief were Glen McClendon and Lindsay, Nahstoll, Hart, Neil & Weigler, Portland.

Gary J. Ebert, Ontario, argued the cause for respondent Lonnie Frasure. With him on the brief was Yturri, Rose & Burnham, Ontario.

Elizabeth K. Reeve, Portland, argued the cause for respondents Permaneer Corp. and Chubb Pacific Indemnity Group. With her on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, James D. Huegli, and Ridgway K. Foley, Jr., Portland.

Before Joseph, Chief Judge, and Thornton and Gillette, Judges.

THORNTON, J.

## THORNTON, J.

This workers' compensation case was previously decided by us on July 2, 1979, and reaffirmed on August 27, 1979 (41 Or App 7, 596 P2d 1015; 41 Or App 649, 598 P2d 1248 (1979)). The Supreme Court in its decision on review, 290 Or 99, 619 P2d 274 (1980), held that Permaneer Corp., claimant's first employer, and its carrier Chubb Pacific Indemnity Group were not liable to claimant for his new injury while working for Agripac, Inc.

The Supreme Court noted that it could not determine from our previous opinion whether we had decided, too, that Agripac had no *knowledge* of the injury. *See* ORS 656.265(4)(a).[1] It remanded the proceeding to this court "for a determination whether Agripac 'had knowledge of the [claimant's] injury.'"

On our *de novo* review of this record on remand we conclude, as did the referee, that Agripac did have actual knowledge of claimant's second injury. After claimant reinjured his back while shoveling corn at the company's plant, he told his foreman that his back was hurting because of the shoveling. On the following workday, he was assigned to a different job (namely, sorting beets on a conveyor belt); after several hours of work, he told his supervisor that his back was hurting and that he had to go home. Accordingly, we now find that claimant's new injury claim was not barred by his failure to give timely notice.

Claimant is entitled to an award equal to 65 percent of the maximum for an unscheduled permanent partial disability by reason of the injury to his back. Agripac's carrier, Leatherby Insurance Co., is directed to reimburse Chubb Pacific Indemnity Group for all compensation payments made by it arising out of claimant's injury while working at Agripac.

---

[1] ORS 656.265(4)(a):

"Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 unless:

"(a) The contributing employer or direct responsibility employer had knowledge of the injury or death, or the corporation or direct responsibility employer has not been prejudiced by failure to receive the notice * * *"

Therefore, the order of the Workers' Compensation Board is affirmed, and our prior opinion is hereby modified.

Affirmed.