Argued and submitted November 30, 1987, reversed and remanded November 23, 1988

# HENDRICKSON,
*Appellant,*

*v.*

# LEWIS et al,
*Respondents.*

(A8510-06526; CA A42747)

764 P2d 577

John Wittrock, Portland, argued the cause for appellant. On the brief was Kathleen O'Brien, Portland.

Harry Auerbach, Deputy City Attorney, Portland, argued

the cause for respondents. With him on the brief was Beth R. Skillern, Associate Deputy City Attorney, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals a summary judgment for defendants on a claim for personal injuries and property damage as a result of an automobile accident with defendant Lewis, an employe of defendant city. Defendants pleaded immunity under ORS 30.265(3)(a), which shields municipalities and their employes from liability for injuries covered by the Workers' Compensation Act. At issue is plaintiff's contention that he was not in the course and scope of his employment at the time of the accident and, consequently, that his injuries are not covered under the act. We reverse.

Defendants submitted, with the motion for summary judgment, plaintiff's deposition and a copy of a claim form which he filled out and submitted to the city. Plaintiff did not file any contrary evidence and does not argue that there is an issue of fact. We summarize the undisputed facts. Plaintiff was employed in his family's business of selling and installing whirlpool bathtubs and was classified as a "sales and field engineer." His principal function was to demonstrate and sell the tubs; he testified in his deposition that he spent very little time driving for the company. On the day of the accident, he stopped on his way home at a lumber yard and picked up some lumber which he was going to use to build a display for his employer's use at home shows. He intended to take the lumber to his home and either work on the display there or store it for a period of time and build the display later at the company warehouse. He stated that, ordinarily, the warehousemen would pick up the lumber, but he did so because the lumber yard was on his way home. The accident occurred after he had purchased the lumber and was enroute to his residence. He filed a claim with the city for his injuries using a printed form supplied by the city. He answered "yes" to the question on the form, "Were you on the job at the time of the accident?"

In a single claim, plaintiff sought damages for his personal injuries and for property damages to his truck. Although defendants' motion for summary judgment was imprecise, it was litigated by the parties as a motion for summary judgment on defendants' immunity defense.

Defendants' liability is governed by ORS 30.265(3)(a):

"Every public body and its officers, employes and agents acting within the scope of their employment or duties * * * are immune from liability for:

"(a)    Any claim for injury to or death of any person covered by any workers' compensation law."

Injuries covered by workers' compensation include accidental injuries "arising out of and in the course of employment." ORS 656.005(7)(a). In granting defendants' motion for summary judgment, the trial court determined that plaintiff was operating within the scope of his employment when he was injured.

■    Whether an injury has occurred in the course of employment depends on the particular facts of each case. *Wallace v. Green Thumb, Inc.,* 296 Or 79, 81, 672 P2d 344 (1983). An employe's injuries are generally not covered by workers' compensation if they are sustained while going to or coming from work. *Heide/Parker v. T.C.I. Incorporated,* 264 Or 535, 539, 506 P2d 486 (1973); *Walker v. SAIF,* 28 Or App 127, 129, 558 P2d 1270 (1977). The general principle, however, is subject to a number of exceptions. When a trip to or from work is combined with a business-related purpose, an injury incurred during the trip may be compensable. We discussed the exception to the general rule of noncompensability of injuries incurred on a trip to or from work in *Gumbrecht v. SAIF,* 21 Or App 389, 534 P2d 1189 (1975). In that case, the claimant, who travelled to and from work by bus, stopped at a shopping center on her way home to make a purchase on behalf of her employer. After the purchase, she continued her bus ride home, where she arrived about 30 minutes later than usual. While crossing the road from the bus stop to her residence, she slipped and was injured. She claimed that the work related aspects of the trip made her injuries compensable, because they arose out of and were sustained in the course of her employment. We concluded, after analyzing the "dual purpose" exception, that the business purpose had been accomplished when the claimant completed the purchase and continued her journey home. We said:

"The fact that at some earlier time in her journey claimant may have been performing a task for her employer did not change the nature of her journey home after the task was accomplished." 21 Or App at 395.

Defendants argue that *Gumbrecht* is distinguishable or inapplicable for a variety of reasons. They first contend that plaintiff not only picked up the lumber but also intended to transport it to his home to build a display for his employer. The apparent argument is that the work errand would continue as long as the lumber was at plaintiff's residence. His testimony in the deposition was to the effect that the material was usually picked up by the warehousemen and that he typically built displays at the warehouse. His counsel indicated at argument on the motion that he intended either to work on the display at his home or to take the material to the warehouse and to build the display. An important part of the inquiry is whether he was benefitting the employer as opposed to completing a personal purpose at the time of the injury. In *Gumbrecht,* we held that the work relatedness of the errand had terminated even though the claimant was carrying the package she purchased for the employer and would have had to transport it to the work place on the next day. Here, plaintiff had completed the errand for his employer and was simply on his way home. The fact that he would later have to transport the materials to his place of work or to use the materials at his home did not convert the commuting trip to a business trip for the benefit of his employer. *See Johnson v. Emp. Benefits Ins. Co.,* 25 Or App 215, 548 P2d 519, *rev den* (1976).

Defendants also argue that plaintiff was required to use his own vehicle at work and thus was required by his employer to drive his car to the work place. Citing *Jenkins v. Tandy Corp.,* 86 Or App 133, 738 P2d 985, *rev den* 304 Or 279 (1987), they contend that the trip home was for his employer's benefit and that, therefore, he was in the course and scope of his employment. Plaintiff testified that his job required very little driving and that the only required driving in his employment was to home shows. There is no indication that he was required by his employer to drive his vehicle to work so that it could be used in his employment as a general matter or particularly on the day of the accident. There is no basis in the evidence to support the summary judgment on the theory propounded in *Jenkins.*

Another argument defendants make is that plaintiff admitted on the claim form that he was "on the job at the time of the accident." That admission, they argue, is a sufficient

basis for the summary judgment and plaintiff cannot contradict it by testimony in his deposition. Plaintiff testified on deposition:

"Q   And on this claim form you indicated that you were on the job at the time of the accident.

"A   Yes, I did say that.

"Q   And are you now contending that you weren't on the job at the time of the accident?

"A   Well, I feel that I'm on the job, because it's a family thing, all the time. Even when I'm on my way home, like they could have called me back if they wanted to, but I would have gone back and worked for nothing, it's just one of those things.

"Q   Just because it's a family-owned-business?

"A   Yes, ma'am."

Whether a person is injured in the course and scope of his employment is a legal conclusion based on particular facts. Plaintiff's assertion by his affirmative answer to the question on the claim form is a legal conclusion. He did not contradict any fact contained in the claim form when he gave a deposition. The testimony in the deposition does not support the legal conclusion that plaintiff was in the course and scope of his employment at the time of the injury. We conclude that the court erred in granting defendants' motion for summary judgment.

Reversed and remanded.