Argued and submitted February 28, 1992, reversed and remanded April 22, reconsideration denied July 15, petition for review denied September 29, 1992

(314 Or 391)

Jeurine MARSHALL,
*Appellant,*

*v.*

COSGRAVE, KESTER, CROWE,
GIDLEY and LAGESEN,
Austin W. Crowe, Jr.
and Michael C. Lewton,
*Respondents.*

(89-12-07157; CA A67599)

830 P2d 209

Kevin Keaney, Portland, argued the cause for appellant. With him on the brief were Robert K. Udziela and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Deborah L. Sather, Portland, argued the cause for respondents. With her on the brief was Cooney, Moscato & Crew, P.C., Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this legal malpractice action against defendants, contending that they negligently failed to perfect a petition for judicial review to this court from a Workers' Compensation Board order holding that plaintiff's injuries in an automobile accident did not arise out of and in the course of her employment and, therefore, that her claim was properly denied. The trial court granted a summary judgment for defendants on the ground that, had review been had, we would have affirmed the Board as a matter of law. Plaintiff appeals, and assigns error to the granting of defendants' motion.[1] We reverse.

We take the facts as found by the Board:

"Claimant is a media specialist for the self-insured employer, a school district. In addition to her work as a media specialist, she worked as an adult advisor to a group of students in a special advisory program. Her usual work hours are from 7:20 a.m. to 3:30 p.m., although she is not required to stay at school after 2:45 p.m. On September 21, 1987, claimant decided that she would bring some cupcakes to school the next morning in connection with meeting some of the goals of the advisory program. She sought and received approval of her plan from the counsellor in charge of the advisory program.

"Claimant's school is located in southeast Portland. Claimant resides in west Portland. Her usual route to and from work causes her to cross the Sellwood Bridge over the Willamette River. Claimant intended to purchase the cupcakes at a market on the west side of the Sellwood Bridge in her neighborhood. She checked out of the school at approximately 3 p.m. on September 21, 1987. She had a personal appointment at 4 p.m. on the west side of the Willamette River. She intended to drive to the market, pick up the cupcakes, then drive to her personal appointment, then drive home. While crossing the Sellwood Bridge on her way to the market she was involved in a head-on motor vehicle accident and received serious injuries. Later that evening, one of claimant's daughters, at claimant's request, called a teacher friend of claimant's and asked the friend if she would pick up a 'treat' and take it to school the next morning. The friend did

---

[1] She does not assign error to the denial of her "cross-motion" for summary judgment.

so. Neither the counsellor in charge of the advisory program nor the school principal would have ordered anyone to obtain a 'treat' in lieu of the cupcakes claimant was unable to pick up."

In the opinion portion of its order, the Board explained that the counselor and the principal did not have the authority to direct anyone to pick up the treats.[2]

The Board majority applied the "dual purpose" exception to the "going and coming" rule. We gave a general explanation of that exception in *Hendrickson v. Lewis*, 94 Or App 5, 8, 764 P2d 577 (1988):

"An employe's injuries are generally not covered by workers' compensation if they are sustained while going to or coming from work. *Heide/Parker v. T.C.I. Incorporated*, 264 Or 535, 539, 506 P2d 486 (1973); *Walker v. SAIF*, 28 Or App 127, 129, 558 P2d 1270 (1977). The general principle, however, is subject to a number of exceptions. When a trip to or from work is combined with a business-related purpose, an injury incurred during the trip may be compensable."

The Board considered two issues to be decisive against plaintiff's compensation claim: First, she would have been at approximately the same place at the time that the accident occurred, regardless of whether she had been on her way to pick up the cupcakes or had been on her personal business; and, second, the employer would not have ordered another person to pick up the cupcakes if plaintiff had been unable to do so herself or arrange for someone else to do it. The dissenting board member stated, in part:

"My disagreement with the majority opinion centers around its statement that '[t]he question is whether the employer would have *directed* someone to make the trip for

---

[2] Defendants recite in their statement of facts:

"As the school counselor in charge of the group program, Ms. Mooney concurred with plaintiff's idea to provide treats for the group meeting. However, Ms. Mooney testified that if plaintiff had been unable to pick up the treats, she would have asked someone else to do this out of professional courtesy. However, she would not have had the authority to order anyone else to pick up those treats.

"Similarly, John Beck, principal of Sellwood Middle School, supported the decision to provide cupcakes to the group and considered plaintiff's trip to buy the cupcakes to be school-related. However, if plaintiff had been unable to pick up the treats, Mr. Beck did not have the authority to dispatch anyone else to pick up the treats."

that purpose.' The majority's formulation of the exception is far too restrictive. As applied here, it has the unwarranted effect of precluding recovery simply because claimant exercised discretion in the performance of her job duties.

"'* * * * *

"The relevant question is not whether the employer would have directed someone to make the trip, but rather whether the purpose of the trip was such that someone would have undertaken it if claimant had not been able to handle it in combination with her homeward journey. 1 Larson, *Workers' Compensation Law*, sec. 18.21 (1985). Stated otherwise, the relevant inquiry is whether the business purpose of the trip was important enough that claimant, or another employee, would have made the trip in the absence of the personal motive." (Emphasis in original.)

We agree with the dissent.

Plaintiff argues that, had we reviewed the Board's decision, we would have reversed it. Defendants disagree. They argue, first, that our review would have been for substantial evidence and that there was sufficient evidence in the whole record to support the Board's findings. That is correct but, as plaintiff answers, it has little to do with anything. The facts are not disputed; the question is how the law applies to them.

■     We do not agree with the Board that the fact that plaintiff would have been at the accident scene at the same time, whether on her employer's business or on her own, takes her out of the dual purpose exception, in the light of the fact that she was on her way to the job-related part of her planned activities at the time of the accident. *See Munson v. State Ind. Acc. Comm.*, 142 Or 252, 20 P2d 229 (1933); *Bebout v. SAIF*, 22 Or App 1, 537 P2d 563, *aff'd* 273 Or 487, 541 P2d 1293 (1975); *see also Rosencrantz v. Insurance Service*, 2 Or App 225, 467 P2d 664 (1970). This case differs from *Hendrickson v. Lewis, supra*, and *Gumbrecht v. SAIF*, 21 Or App 389, 534 P2d 1189 (1975), where the employees had completed their job-related tasks before they were injured.

The closer question is whether the fact that the employer would not have ordered someone to complete the mission if plaintiff had not would have defeated her workers' compensation claim. In *Rosencrantz v. Insurance Service*,

*supra,* and again in *Gumbrecht v. SAIF, supra,* we quoted from 1 Larson, *Workmen's Compensation Law* 294.5-294.10, § 18.12 (1968):

> "The basic dual-purpose rule, accepted by the great majority of jurisdictions, may be summarized as follows: when a trip serves both business and personal purposes, it is a personal trip if the trip would have been made in spite of the failure or absence of the business purpose and would have been dropped in the event of failure of the private purpose, though the business errand remained undone; it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to be performed for the employer would have caused the journey to be made by someone even if it had not coincided with the employee's personal journey."

From that common starting point, *Gumbrecht* and *Rosencrantz* went on to quote different additional passages from Larson that suggest different answers to the question. The passage quoted in *Gumbrecht* states:

> "In all such cases, we start with a personal motive — that of getting home — which would have caused the employee to take the trip in any case. *The question then becomes: was the business mission of such character or importance that it would have necessitated a trip by someone if this employee had not been able to handle it in combination with his homeward journey?*
>
> "In some cases it has been possible to answer this question 'yes,' with the result that while covering his usual route toward his home the employee has been deemed, for this particular occasion, to remain in the course of his employment." 1 Larson, *supra,* 4-169-4-170, § 18.21. (Emphasis supplied.)

In *Rosencrantz,* we quoted from 1 Larson, *supra,* 294.10-294.11, § 18.13:

> "It is inaccurate and misleading to call this test, as sometimes has been done, the 'dominant purpose' test, or to paraphrase it by saying that the trip is a business trip if the 'primary' purpose is business. Judge Cardozo used no such language. He said it was sufficient if the business motive was a concurrent cause of the trip. He then defined 'concurrent cause' by saying that it meant a cause which would have occasioned the making of the trip even if the private mission had been canceled. One detail must be stressed to make this

rule complete: it is not necessary, under this formula, that, on failure of the personal motive, the business trip would have been taken by this particular employee at this particular time. It is enough that someone sometime would have had to take the trip to carry out the business mission. Perhaps another employee would have done it; perhaps another time would have been chosen; but if a special trip would have had to be made for this purpose, and if the employer got this necessary item of travel accomplished by combining it with this employee's personal trip, it is accurate to say that it was a concurrent cause of the trip, rather than an incidental appendage or afterthought."

■ The second quotation in *Gumbrecht* can be read to mean that a subsequent "substituted performance" by another employee is an indispensable part of the injured employee's showing that his earlier trip had the requisite dual purpose and was therefore in the course and scope of his employment. However, the second passage quoted in *Rosencrantz* places the substituted performance concept in a broader context; it indicates that the overriding inquiry is whether the business aspect of the trip was significant enough to have necessitated it, independently of the employee's personal purpose, and that the employer's later directive to another employee to complete the mission is one possible basis, but not the exclusive one, for determining that the injured employee's journey had a significant business purpose. We conclude that the understanding of the rule reflected in *Rosencrantz* is the better one. The *Gumbrecht* solution would unduly restrict the ways by which the existence and significance of the business purpose can be determined, and it substitutes an after-the-fact event or contrivance for what necessarily must be determined in the light of what the injured employee was doing at the time of the trip.[3]

In any event, neither of the possible understandings of the substituted performance rubric goes as far as the Board

[3] *Brown v. SAIF*, 43 Or App 447, 602 P2d 1151 (1979), *rev den* 288 Or 335 (1980), is not contrary to our conclusion. We based our holding that the dual purpose exception did not apply there, in part on the fact that no other employee would have been sent to complete the business mission, if the claimant's deceased had not performed it. However, the principal basis for the holding was that the supposed business purpose was incidental to the decedent's personal motives in connection with the trip.

went here. We note, first, that the business mission *was* accomplished by plaintiff's arranging for a friend to pick up the treats. More to the point, neither of plaintiff's superiors had the *authority* to order another employee to complete the business mission, although both regarded it as "school-related" and significant. *See* n 2, *supra*. Under these circumstances, the fact that no one would have been directed to complete the errand is irrelevant. It relates only to the organizational or command structure of the employer's business and has nothing to do with whether the errand itself had a significant business purpose. Every other consideration militates in favor of the conclusion that, at the time of the accident, plaintiff was engaged in a significant work-related activity and was acting within the course of her employment. If the case had been brought to us, we would have reversed and remanded the order and instructed the Board to allow plaintiff's claim.

It follows that, if defendants were negligent, their negligence caused harm. Defendants do not concede that they were negligent. As noted earlier, note 1, *supra,* plaintiff assigns error only to the granting of defendants' motion for summary judgment and not to the denial of her own. The question of negligence was not decided by the trial court, and we cannot decide it now, at least under the assignment of error that plaintiff makes. A remand is necessary to consider the issues of negligence and, if it arises, damages. We do not foreclose the possibility that plaintiff may renew her motion for summary judgment on liability in the proceedings on remand.

Reversed and remanded.