Argued September 20, affirmed October 30, reconsideration denied
December 5, 1978

JACOBSON, *Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(WCB Case No. 77-3097, CA 10773)
585 P2d 1146

David W. Hittle, Salem, argued the cause for petitioner. With him on the brief was Dye & Olson, Salem.

Allen W. Lyons, Assistant Trial Counsel, State Accident Insurance Fund, Salem, argued the cause for

respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

The sole question in this Workers' Compensation case is whether claimant established by a preponderance of the evidence that he had suffered an aggravation of a compensable injury to his low back since the last arrangement of compensation in March of 1975. The referee determined that he had done so, and the Workers' Compensation Board (Board) reversed.

The injury to which this aggravation claim relates occurred on November 18, 1973. The employer accepted the claim, and later that month claimant was given a myelogram, as a result of which he was advised that the results were essentially within normal limits. However, he was told that if the pain persisted, there was a 10-15 percent chance that there might be an external fragment at the lumbar 5, S-1 level on the right side, and surgical exploration might be advisable. Consequently, a laminectomy was performed. In October, 1974, a determination order was entered, awarding claimant 96 degrees for 30 percent of unscheduled low back disability. Claimant requested a hearing, as a result of which a stipulated arrangement of compensation was entered into March 7, 1975, which provided for an additional 56 degrees for 17½ percent unscheduled low back disability.

Prior to the March, 1975, arrangement, claimant experienced pain in his leg and low back. He now claims that he suffers the same kind of pain, but that it is sometimes more painful than it was prior to his surgery, and that overall he thinks his condition is worse. In November of 1976, claimant consulted an orthopedic physician, who prescribed medication and referred claimant to a neurologist, who found no neurological abnormality. A new myelogram was performed, and the results were interpreted as normal, with no evidence of change since the November, 1973, myelogram.

■ There is no medical evidence supporting claimant's

contention that his condition has worsened. The only evidence on this issue is the testimony of claimant and his brother, all of which indicates that claimant suffers more pain in his low back and left leg than he did at the time of the last arrangement of compensation. His primary argument is that his situation is an "uncomplicated" one within the meaning of *Uris v. Compensation Dept.,* 247 Or 420, 427 P2d 753, 430 P2d 861 (1967), and therefore lay testimony is sufficient to sustain his claim.

In *Uris,* the Supreme Court held that claimant's testimony that he experienced sharp pain in his back when he reached out to prevent a truckload of books from falling over was sufficient to submit to a jury on the question of causation of what was later diagnosed medically as chronic lumbo sacral strain. Here, claimant argues that since the cause of his back injury has already been determined, the question of whether his condition has worsened is an uncomplicated matter which is not beyond the competence of laymen.

We think, however, that the difference between the cause of the injury and the cause of the claimed increased pain is substantial enough that a layman needs the assistance of a medical expert. This observation is particularly true with respect to back injuries because pain is frequently, but not necessarily, experienced in other parts of the body, such as the legs, hips or buttocks; yet pain in those areas is not necessarily the result of the back injury which has been determined to be compensable. In short, the situation is not an uncomplicated one which may be resolved solely by lay testimony.

The referee bridged the gap of causation by stating that the insurer, by paying for claimant's medical services, treated the claim as coming within ORS 656.245,[1] and therefore conceded the causal connec-

---

[1] ORS 656.245 provides:

"(1) For every compensable injury, the direct responsibility

tion. While logic may lead to that conclusion, the statutory policy behind prompt payment for medical expenses under the Act dictates against such a rule. It is better to encourage prompt payment than it is to discourage it by holding that the insurer who makes payment of medical expenses under ORS 656.245 is estopped to contest coverage with respect to an aggravation claim under ORS 656.273. We hold that the payment of medical expenses under ORS 656.245 following the filing of a claim for aggravation does not amount to an acceptance of the aggravation claimed by the employer or the insurer, and does not estop the employer or insurer from contesting the causal connection between the previously determined compensable injury and the claimant's present symptoms.

We conclude that claimant has failed to sustain his burden of proof that his condition is aggravated since March 7, 1975, and that his claim for aggravation was properly denied by the insurer.

Affirmed.

---

employer or the State Accident Insurance Fund shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services.

"(2) The worker may choose his own attending doctor or physician within the State of Oregon."