Argued and submitted October 10, reversed November 26, 1979
reconsideration allowed, former opinion modified
(44 Or App 685, 607 P2d 196) February 25, 1980

ANDERSON,
*Respondent,*
*v.*
WEST UNION VILLAGE SQUARE,
*Petitioner.*

(No. 76-4037, CA 14462)

602 P2d 1092

James M. Callahan, Portland, argued the cause for
[pet]itioner. With him on the brief were Frank A. Mos-
[s]o and Gearin, Landis & Aebi, Portland.

Richard A. Carlson, Portland, argued the cause for
[res]pondent. With him on the brief was Paul J. Rask,
[P.]C., Portland.

[295]

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P.J.

## TANZER, P. J.

This is a workers' compensation case arising from a claim of aggravation. The employer appeals an award of permanent total disability.

In May, 1975, claimant, then 61, sustained a back injury when lifting a lawnmower from a workbench. The diagnosis was lumbosacral muscle sprain superimposed on preexisting degenerative arthritic disease. He also suffered from unrelated diabetes, hypertension and obesity. He was awarded 25 percent of unscheduled permanent partial disability.

Thereafter, the claimant's condition worsened. Claimant has found it increasingly difficult and painful to move. As a result, this aggravation claim was filed.

In establishing an aggravation claim, the claimant must show that the worsening of his condition since the previous award is causally related to the industrial injury.[1] It is not enough simply to show that the claimant, once injured, got worse; aggravation requires a connection with the industrial injury. The employer's position throughout has been that the preexisting disease has been shown to have worsened, but that the muscle sprain caused by the industrial injury has not worsened.

The claimant has been examined over the years by several physicians retained by himself and by the insurer. Their reports have been generally harmonious: They relate the worsening of claimant's condition to the progression of the degenerative back disease—specifically, the narrowing of the spaces around the discs in the spine. None report a worsening of the

---

[1] ORS 656.273(1) provides:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for *worsened conditions resulting from the original injury.*" (Emphasis supplied.)

[297]

muscle sprain condition.[2] None of the original or current medical reports conclude that the sprain aggravated or accelerated the preexisting back disease. There is no reason in the medical reports to find that claimant's condition is different now than it would have been had there been no industrial injury. Therefore, we find that there has been no aggravation of any condition caused by the industrial injury.

The referee and the Workers' Compensation Board both assumed a causal connection, contrary to the employer's contention. The referee awarded an additional 25 percent for worsened impairment. The Board awarded permanent total disability based upon a differing evaluation of nonmedical factors. The insurer asks only that we reverse the Board's order and reinstate the referee's order. We are not disposed to give more relief than is prayed for.

Reversed.

---

[2] Claimant's physician reported that the low back pain was based upon degenerative joint disease in the low back area which is made worse by mechanical abnormalities in the back. The phrase "mechanical abnormalities" is not elaborated upon. An orthopedic surgeon retained by the insurer opined that claimant's "current problem is primarily that of lumbar spine arthritis. Secondarily, he has a chronic lumbar sprain that is not allowed to improve because of his overweight condition and lack of muscular (especially abdominal) control." He does not suggest that the sprain has worsened.