On respondent's reconsideration filed December 27, 1979,
former opinion withdrawn, modified (43 Or App 295,
602 P2d 1092) February ,25, 1980

## ANDERSON,
*Respondent,*
v.
## WEST UNION VILLAGE SQUARE,
Petitioner.

(No. 76-4037, CA 14462)

607 P2d 196

Richard A. Carlson and Paul J. Rask, P.C., Portland, for petition.

No appearance contra.

[685]

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

## TANZER, P. J.

The employer in this workers' compensation case appealed claimant's award of permanent total disability. We reversed on the ground that claimant had not shown a causal link betweeen his industrial injury and the subsequent worsening of his preexisting back disease. *Anderson v. West Union Village Square,* 43 Or App 295, 602 P2d 1092 (1979). Claimant petitioned for review in the Supreme Court, and under Rule 10.10 the case is automatically before us on reconsideration. Claimant asserts that because the issue of causation had not been raised before the close of the hearing below, our reversal based on that issue denied him a fair hearing. We agree with claimant, and modify our prior decision.

The facts, in summary, are that in May, 1975, claimant, then 61, sustained a back injury when lifting a lawnmower from a work bench. The diagnosis was lumbrosacral muscle sprain superimposed on preexisting degenerative arthritic disease. By determination order of June 22, 1976, he was awarded 25 percent of unscheduled permanent partial disability.

Claimant's condition deteriorated and his physician recommended reopening his claim for worsened conditions. A physician's report recommending reopening for worsened conditions constitutes a claim for aggravation. ORS 656.273(3). On March 3, 1977, a second determination order was issued awarding claimant an additional 25 percent of unscheduled permanent partial disability, thereby raising the total award to 50 percent. Claimant then requested a hearing, asserting that the award was insufficient. The referee affirmed and claimant appealed to the Board, which awarded permanent total disability.

At no time did the employer dispute the compensability of claimant's aggravated condition. Nor did it appeal the second determination order. The first time the employer raised the issue of causation was in its

written closing argument, submitted some five weeks after the close of the hearing.

Fairness precludes an employer from first contesting liability for an aggravation claim after it has accepted responsibility for the claimant's deteriorated condition and after the hearing record is closed. It would be procedurally unfair for the Board or this court to rule on such an issue when a claimant has been lulled into inaction by the employer's apparent acquiescence. We recognized these principles in *Neely v. SAIF,* 43 Or App 319, 323, 602 P2d 1101 (1979). There, the Board reversed an award of compensation on the ground that claimant had not shown that his condition was causally related to his industrial injury. We upheld the Board's ruling despite the fact that the issue of causation was not raised in the hearing below, because claimant's own medical evidence demonstrated that his condition was unrelated to his industrial injury. Furthermore, remanding the case for further evidence taking would have been fruitless, because "all the evidence was in the record." 43 Or App at 323-24. Here, unlike *Neely,* claimant's medical evidence is equivocal. Had the employer challenged causation at the time of the hearing, evidence could have been addressed specifically to that issue. Instead, the evidence on causation is incompletely developed. Therefore, causation should not have been the dispositive issue on review, and on reconsideration we decide solely the question of the extent of claimant's disability.

We find that claimant is more severely disabled than the referee's award indicates, but we disagree with the Board's award of total disability because claimant retains a sufficient residual ability to work. We conclude that an award of 80 percent of permanent total disability is appropriate.

Former opinion withdrawn. Modified.