Argued and submitted July 28, affirmed in part;
reversed in part and remanded September 8, 1982

In the Matter of the Compensation of
Alice S. Brewer, Claimant.

**BREWER,**
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB No. 81-00687, CA A24122)

650 P2d 947

Eric R. Friedman, Portland, argued the cause for petitioner. With him on the brief was Fellows, McCarthy, Zikes & Kayser, P. C., Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden, and Young, Judges.

WARDEN, J.

## WARDEN, J.

In this workers' compensation case, claimant requested that her previously closed claim be reopened because of aggravation of her occupational disease, bilateral carpal tunnel syndrome. SAIF denied her request, a hearing was held, and the referee reversed the denial, finding that

"the evidence slightly preponderates that claimant's case should have been reopened as of October 26, 1980, for both the right and the left carpal tunnel problems."

The Workers' Compensation Board reversed the referee, and claimant appeals.

We adopt the facts of the case as set out in the Board's order on review as follows:

"Claimant developed tingling and numbness in her wrist sometime in 1976 while employed as a typist. Subsequently, she went to work for this employer in an occupation requiring repetitive cutting, shaping, stitching and putting holes in thick leather.

"Claimant filed an 801 form for conditions involving both wrists and hands. The diagnosis was right carpal tunnel syndrome. Nerve conduction studies showed compression of the right median nerve but the left wrist testing was normal. On March 20, 1980 claimant underwent right carpal tunnel release surgery.

"* * * * *

"On July 10, 1980 claimant fell off her horse landing on the left side of her body. Claimant contused her left chest, left leg and strained her left foot. *She also suffered abrasions of both hands.*

"By August, 1980 claimant sought medical care for tingling and numbness of both hands. On December 22, 1980 SAIF denied any further responsibility for claimant's conditions. * * *"

■ ■ To prevail on an aggravation claim, claimant must show a worsening of her condition since her previous award and a causal relation between the worsening and her industrial injury. ORS 656.273(1).[1] Claimant must prove her

---

[1] ORS 656.273(1) provides:

claim by a preponderance of the evidence. *Hutcheson v. Weyerhaeuser,* 288 Or 51, 55, 602 P2d 268 (1979). *De novo* review of the record satisfies us that claimant has met that burden of proof with regard to the worsening of her right wrist condition.

We find the reports of Dr. Waller, claimant's treating physician, most convincing. He was of the opinion that claimant's right wrist problems were caused by the fact that in the March, 1980, carpal tunnel release operation "the transverse carpal ligament, the primary offending structure, had never been surgically divided." He also stated, "I think that it is reasonable to state that the nature of Mrs. Brewer's job was such that her employment was the cause of her current medical difficulties." In its order on review, the Board stated:

"We are not persuaded by Dr. Waller's opinion because he had no history of claimant's fall off the horse nor information relating to the injuries caused by that fall."

The logical inference from the evidence is that Dr. Waller knew of the fall. In an April 30, 1981, letter, Dr. Waller stated:

"She has been a patient in the Kaiser Permanente Health Care System, and approximately a year ago sought medical attention there for symptoms of numbness and tingling in the hands. *I have reviewed her Kaiser outpatient chart, * * *.*" (Emphasis supplied.)

That chart includes claimant's medical history regarding the fall. The Board had no basis for an inference that Dr. Waller had not taken the fall into account when he formed his opinion that claimant's wrist problems were work-related. Dr. Norton, upon whom the Board relies, did not examine claimant, and Dr. Dennis' testimony, which the Board finds conclusive against claimant, is equivocal at best.

Although the record shows a relationship between claimant's employment and the problems associated with her *right* wrist, claimant has not met her burden concerning the *left* wrist.

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

Claimant also contends that the referee and Board erred in failing to award penalties and attorney fees against SAIF for unreasonably withholding payments. The referee found against claimant, because there was no verification or authorization of time loss. The Board affirmed and we affirm the Board on that issue.

The order of the Board is affirmed in its denial of claimant's claim for compensation for her left wrist and in its denial of penalties and attorney fees for unreasonably withholding payments; it is reversed in its denial of claimant's claim for aggravation of her right wrist carpal tunnel syndrome; and the Board is instructed to accept claimant's claim for aggravation of her right wrist.