Argued and submitted November 21, 1983, affirmed January 11, petitioner's reconsideration and respondent Charles F. Berg, Inc.'s reconsideration denied March 9, petitions for review denied April 24, 1984 (297 Or 82)

In the Matter of the Compensation
of Inez Van Horn, Claimant.

VAN HORN,
*Petitioner,*

*v.*

JERRY JERZEL, INC. et al,
*Respondents.*

(80-02851 and 80-05095; CA A28060)

674 P2d 617

James P. Cronan, Milwaukie, argued the cause for petitioner. With him on the brief was Roger S. Rook, Milwaukie.

Jerald Keene, Portland, argued the cause for respondents Royal Globe Insurance and Jerry Jerzel, Inc. With him on the brief was Griffith, Bittner, Abbott & Roberts, Portland.

Deborah S. MacMillan, Portland, argued the cause for respondents Charles F. Berg, Inc., and Giesy, Greer & Gunn. With her on the brief were Frank A. Moscato and Moscato & Meyers, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioner appeals an order of the Workers' Compensation Board denying her aggravation claim against respondent Jerry Jerzel, Inc. (Jerzel) and, as to respondent Charles F. Berg, Inc. (Berg), making an inadequate penalty and attorney fee award based on Berg's failure to pay interim compensation. She alleges that her worsened back condition was causally related to her compensable industrial injury and that the Board's award of a ten percent penalty and $100 attorney fee was insufficient. We review *de novo* and affirm.

Petitioner, aged 64, was injured in February, 1978, while employed by Jerzel's. Her back strain claim was accepted, and she received compensation for time loss, ORS 656.210, but not for permanent disability. In April, 1978, she began working for Berg. She alleges that she sustained an injury at Berg's in December, 1979. She then filed a new injury claim against Berg and an aggravation claim against Jerzel. Both carriers denied responsibility, and the referee affirmed those denials. The Board affirmed the denials. However, it found that claimant was improperly denied interim disability payments, which it awarded, plus penalties and attorney fees. ORS 656.262(9).

In order to establish her aggravation claim, claimant had the burden of proving that her condition had worsened and that the worsening was causally related to her industrial injury. *Anderson v. West Union Village Square,* 43 Or App 295, 297, 602 P2d 1092 (1979), *modified* 44 Or App 685, 607 P2d 196 (1980). Claimant places primary reliance on the medical reports of Dr. Weinman, who stated that he suspects claimant is suffering from a herniated disc.[1] He points to little objective evidence of that condition, however. He relies instead on claimant's subjective evaluation of her condition.

Evidence of a worsening of a lumbosacral spine condition must be supported by expert medical evidence. *Jacobson v. SAIF,* 36 Or App 789, 792, 585 P2d 1146, *rev den*

---

[1] The referee questioned claimant's credibility. For that reason, he relied on the medical reports. We accord great weight to a factfinder's credibility evaluation. *Anfilofieff v. SAIF,* 52 Or App 127, 627 P2d 1274 (1982). Although the referee did not directly address Dr. Weinman's medical reports, they were admitted in evidence; and the referee found that they did not support her assertions "with any degree of certainty."

284 Or 521 (1978). In *Oakley v. SAIF*, 63 Or App 433, 436, 664 P2d 431 (1983), we noted:

> "An aggravation claim based solely on a claimant's statement that his condition has deteriorated is statutorily insufficient. Likewise, a medical report which only sets forth *claimant's* statement that his condition has deteriorated is insufficient. At the very least, an expression of opinion by the doctor that he believes the claimant or that he finds objective evidence from a medical standpoint to substantiate claimant's history, is necessary. *Larson v. Compensation Department*, 251 Or 478, 482, 445 P2d 486 (1968); *Collins v. States Veneer, Inc.*, 14 Or App 114, 119, 512 P2d 1006 (1973)."

Dr. Post, who examined claimant's deposition testimony and medical records, characterized Dr. Weinman's diagnosis of a herniated disc as "highly theoretical at best." He stated:

> "Upon reviewing those reports today, I don't find any specific evidence of objective findings recorded by the various examining physicians. * * *

> "Assuming that the patient's description of her symptomatology is not accurate, either intentionally or unintentionally, then I find no definite evidence of injury at any time in this case, either in 1978 or 1979."

Two of claimant's examining physicians suggested that her difficulties may be rooted in underlying psychological problems. The referee concluded:

> "One can come to the conclusion in this case that it is just as believable that if claimant, in fact, does have some symptoms they do not arise organically, they arise emotionally. There is no evidence that either incident gave rise to or exacerbated claimant's hysteria suggested by more than one doctor."

■■ When the evidence presented reflects two explanations for a claimant's condition that are equally plausible to the factfinder, and one is noncompensable, the claimant has failed to sustain the burden of proof. *Gormley v. SAIF*, 52 Or App 1055, 630 P2d 407 (1981); *Raines v. Hines Lbr. Co.*, 36 Or App 715, 719, 585 P2d 721 (1978). We conclude that claimant's aggravation claim was properly denied.

Claimant asserts that the penalty and attorney fee award is insufficient to deter dilatory claims processing by

insurers. *See* ORS 656.262(9); *Stone v. SAIF,* 57 Or App 808, 812, 646 P2d 668 (1982), *petition dismissed* 294 Or 442 (1983). The penalty and fee were awarded because Berg did not pay interim compenation within 14 days after notice of the claim. ORS 656.262(4). *See Bono v. SAIF,* 66 Or App 138, 673 P2d 558 (1983). Berg issued its denial on the 21st day. ORS 626.262(9) provides for a penalty of up to 25 percent of the compensation awarded.

■■    Berg argues that the penalty is sufficient, given the confusion in the law concerning the defense of untimely notice of an injury by a claimant. Notice must be given within 30 days, ORS 656.265(1), or the claim is barred, unless the insurer has begun payment. ORS 656.265(4)(b). An insurer has 60 days to accept or deny a claim, ORS 656.262(6), but must begin making payments within 14 days. ORS 656.262(4). Berg argues that this places the insurer in a "Catch-22" situation.

The Board explained:

"Thus, a claimant may be barred from pursuing an untimely claim unless the insurer begins making payments on the claim. But, if insurers are required to make interim compensation payments, they will lose their right to assert the defense of lack of timely notice. This puts the insurers in the position of having to deny a claim without adequate time to make a reasonable determination of compensability or face losing the right to assert the untimely notice defense. We do not believe that the legislature intended this result."

It concluded that ORS 656.262(4) imposes a duty to pay interim compensation if the claim was not denied within 14 days, but that payment will not waive the untimely notice defense if the claim was denied within 60 days. We disagree. ORS 656.262(4) is unambiguous. If an insurer begins making interim payments, it waives its right to assert the untimely notice defense. *Jones v. Emanuel Hospital,* 280 Or 147, 151, 570 P2d 70 (1977); *Logan v. Boise Cascade Corp.,* 5 Or App 636, 485 P2d 441 (1971). That result works no injustice. Unlike issues concerning legal and medical causation, which the insurer has 60 days to investigate, it is relatively easy for an insurer to determine if notice is timely. If the defense is not raised within 14 days, it is waived.

■       Here Berg did not raise the untimely notice defense within 14 days. It also delayed paying interim compensation. The amount awarded as a penalty and attorney fee was within the Board's discretion. *See Logan v. Boise Cascade Corp, supra,* 5 Or App at 642. We find no abuse of discretion.

Affirmed.