Argued and submitted December 17, 1984, affirmed as modified April 3, 1985

In the Matter of the Compensation of
Roy M. Hoke, Claimant.
HOKE,
*Petitioner,*

*v.*

LIBBY, McNEIL & LIBBY,
*Respondent.*

(82-09021; CA A30609)

697 P2d 993

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Deborah Sather MacMillan, Portland, argued the cause for

respondent. With her on the brief was Moscato & Byerly, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Claimant petitions for review of an order of the Workers' Compensation Board upholding the denial of his aggravation claim. We modify the order to clarify the issues of attorney fees and penalties and otherwise affirm.

■ To establish an aggravation claim, a claimant must prove by a preponderance of the evidence a worsening of his condition since the last award or arrangement of compensation and a causal relation between that worsening and his compensable injury. ORS 656.273(1); *Brewer v. SAIF,* 59 Or App 87, 89-90, 650 P2d 947 (1982). Claimant has not sustained his burden of proving that his compensable low back injury has worsened since the last determination order was issued on April 4, 1982. The objective medical evidence shows no such worsening. Claimant was hospitalized in the summer and December, 1982, for flare-ups of pain. Objective medical evidence is not necessarily required to establish an aggravation claim, *Garbutt v. SAIF,* 297 Or 148, 151-52, 681 P2d 1149 (1984), and the worker's subjective complaints may or may not sustain his burden of proof. *Garbutt v. SAIF, supra.* However, in the light of the objective medical evidence which indicates that there has been no worsening, claimant's subjective complaints of increased pain are not sufficient to carry his burden in this case. *Jacobson v. SAIF,* 36 Or App 789, 585 P2d 1146, *rev den* 284 Or 521 (1978).

■ There is some confusion concerning the issues of attorney fees and penalties. The referee overturned the denial of the aggravation claim and awarded claimant $750 in attorney fees for overcoming that denial. The referee also decided that the insurer should have paid for claimant's December, 1982, hospitalization and awarded $1,000 in attorney fees and a penalty for its refusal to do so. The Board reversed the referee on the aggravation issue and, because employer did not contest the issue, affirmed the referee's decision that the insurer was responsible for payment of the December, 1982, hospitalization. The Board stated that, because it was reinstating the denial of the aggravation claim, the issues of attorney fees and penalties were moot. That statement is incorrect; $1,000 in attorney fees and the penalty were assessed for the insurer's unreasonable refusal to pay for the hospitalization rather than for any unreasonable denial of

the aggravation claim. We therefore affirm the Board's order insofar as it reinstates the denial of the aggravation claim and affirms the insurer's responsibility for payment of the December, 1982, hospitalization. Because the denial of the aggravation claim is reinstated, claimant is not entitled to the $750 in attorney fees that the referee awarded for overcoming that denial. We modify the order to affirm the award of $1,000 in attorney fees and the penalty for the insurer's unreasonable refusal to pay for claimant's hospitalization.

Order modified to reinstate award of $1,000 attorney fee and penalty at referee hearing level; affirmed as modified.