Argued and submitted April 1, review dismissed in part and affirmed in part
September 25, 1985

In the Matter of the Compensation of
Geraldine P. Brown, Claimant.

BROWN,
*Petitioner,*

*v.*

GATES, McDONALD & COMPANY,
*Respondent.*

(82-09846; CA A33486)

706 P2d 580

Robert Wollheim, Portland, argued the cause for petitioner. With him on the brief was Welch, Bruun and Green, Portland.

Scott Terrall, Portland, argued the cause for respondent. On the brief were Daniel L. Meyers, and Meyers & Terrall, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This is a workers' compensation case. Claimant injured her low back on October 31, 1981, and the insurer accepted her claim. An October 20, 1982, determination order awarded her temporary total disability from October 31, 1981, through September 22, 1982, and ten percent unscheduled permanent partial disability. She later filed an aggravation claim, which the insurer denied on December 21, 1982. The referee found that her claim had been prematurely closed, because she was not medically stationary on September 22, 1982. He ordered that the claim be reopened. The insurer sought review by the Workers' Compensation Board, which held that the claim was not prematurely closed and remanded the case to the referee for a determination of the extent of disability, which had not been determined because the referee had ordered the claim reopened. It also upheld the denial of the aggravation claim.

Claimant seeks review of the Board's order. She assigns as error, first, the Board's decision that she was medically stationary and that her claim was therefore properly closed and, second, its decision that the denial of her aggravation claim was correct.

■ We do not have jurisdiction of the portion of the order holding that her claim was properly closed. *Dean v. SAIF,* 72 Or App 16, 695 P2d 90, *rev den* 298 Or 822 (1985). We do, however, have jurisdiction of the portion of the order upholding the denial of claimant's aggravation claim. *See Price v. SAIF,* 296 Or 311, 675 P2d 479 (1984); *Ragan v. Fred Meyer, Inc.,* 73 Or App 363, 367, 698 P2d 988 (1985).

■ ■ To establish the aggravation claim, claimant must prove by a preponderance of the evidence a worsening of her condition since the last award or arrangement of compensation and a causal relation between that worsening and her compensable injury. ORS 656.273(1); *Hoke v. Libby, McNeil & Libby,* 73 Or App 44, 46, 697 P2d 993 (1985). She has failed to sustain her burden of proof. She testified that her condition had improved since her claim was closed. She said that she had been able to increase her activities and that her low back pain had been less severe. *See Garbutt v. SAIF,* 297 Or 148, 151, 681 P2d 1149 (1984); *Kuhn v. SAIF,* 73 Or App 768, 772, 700 P2d 253 (1985); *Hoke v. Libby, McNeil & Libby, supra.* Dr.

Post, claimant's treating orthopedist, testified that there were no material objective differences in her condition between his November 15, 1982, examination and his examination on October 12, 1983. His opinion was that her condition had not materially changed.

There were several doctors who, after Post had released claimant for work in November, 1982, stated that she should not work, but that does not, as she asserts, necessarily mean that her condition had worsened after Post had released her for work. Claimant asserts that, because three doctors diagnosed a hip condition, trochanteric bursitis, after the determination order was issued that had not been diagnosed before, she has established her claim. Her argument fails for two reasons. First, there is evidence that the condition did exist before the determination order was issued. Dr. Rosenbaum, a neurosurgeon, examined her on August 3, 1982, and noted that she had tenderness in that area. Second, there is insufficient evidence that the hip condition is a worsened condition resulting from the original injury. *See* ORS 656.273(1). None of the doctors who diagnosed the condition related it to her compensable back injury. Post testified that claimant did experience pain in her hips, but he related that pain to her compensable back injury and her preexisting degenerative disc disease, and he disagreed with the diagnoses of trochanteric bursitis. Although he related part of her hip pain to her compensable injury, he did not state that it was a worsening of that injury. To the contrary, as stated above, he found no worsening of her condition. The insurer's denial of her aggravation claim was correct.

Review dismissed as to the portion of the order holding that claimant's claim was properly closed; affirmed as to the portion upholding the insurer's denial of the aggravation claim.