Argued and submitted December 14, 1984, affirmed September 25, 1985

In the Matter of the Compensation of
Charlotte Clemmer, Claimant.

CLEMMER,
*Petitioner,*

*v.*

BOISE CASCADE CORPORATION,
*Respondent.*

(82-09118; CA A31935)

706 P2d 592

Robert Wollheim, Portland, argued the cause for petitioner. On the brief were James S. Coon, and Welch, Bruun and Green, Portland.

Cynthia S. C. Shanahan, Portland, argued the cause for respondent. With her on the brief were Paul R. Bocci, Jr., and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In this workers' compensation case, claimant seeks compensation for an alleged aggravation of a compensable injury. The Board reversed the referee's determination that there had been a worsening of the original injury. On *de novo* review, we conclude that there has been no worsening of claimant's compensable injury and affirm.

The record shows that in October, 1980, claimant suffered a back injury while working on the green chain. Her claim was accepted. She began experiencing neck, head, right arm and forearm pain in May, 1981. In June, 1981, she underwent disk surgery. After the surgery, she still experienced pain in her neck and arms until October, 1981, when the pain subsided. She was released for work at that time. On November 3, 1981, a determination order was issued awarding 5 percent permanent partial disability. Claimant requested a hearing. On November 10, 1981, a report from Dr. Smith, her treating physician, indicated that she had experienced a recurrence of pain on the right side and headaches. A second letter from Smith on November 17, 1981, indicated that the headaches were not related to the compensable injury. On December 16, 1981, employer denied the claim for the headaches.

On June 1, 1982, claimant entered into a stipulation with employer, resolving the headache claim and increasing the award for the back injury to 17.5 percent. On June 28, 1982, claimant saw Dr. Zivin because of neck pain. He found no abnormalities. On July 19, 1982, claimant visited another doctor, complaining of pain on the left side of her neck. On August 30, 1982, Dr. Grewe, a neurologist consultant, reported that claimant was experiencing numbness and constant pain in her neck, arm and shoulder.

From September 13, 1982, to December 1, 1982, claimant was off work due to pain. Although he recommended that she take time off, Dr. Martin, her treating physician, reported that he saw no change in her condition and, on that basis, SAIF denied time loss benefits on September 27, 1982. She was released for work on November 29, 1982. At the hearing, claimant testified that she continues to suffer constant pain. The referee found her testimony credible.

Claimant is entitled to time loss benefits if the record shows, by a preponderance of the evidence, that her condition has worsened since the stipulation of June 1, 1982. ORS 656.273. There is no objective medical evidence that it has. Grewe stated in his August, 1982, report that claimant's continued work on the green chain "aggravates" her condition, but that is merely his explanation of her symptoms. He offered no opinion as to whether her underlying condition has worsened. Martin reported no change in her condition as of September 17, 1982. On November 13, 1982, claimant was examined by Dr. Rosenbaum, who reported that she denied any complaints of pain, numbness, discomfort or disability in the past three months and stated that he found no change in her condition. On December 27, 1982, Grewe reported that a myelogram taken on that date was "unremarkable." No medical evidence supports claimant's position that her condition has worsened.

Claimant's testimony at the hearing that she is in constant pain indicates that she has experienced a recurrence of symptoms since her visit with Rosenbaum, but it does not establish that her condition has worsened. *See Van Horn v. Jerry Jerzel, Inc.,* 66 Or App 457, 674 P2d 617, *rev den* 297 Or 82 (1984). The record does not indicate that claimant's current symptoms are different from those which she had experienced before the settlement of June 1, 1982. In view of the objective medical evidence which indicates that there has been no worsening, claimant's subjective complaints are not sufficient to prove an aggravation. *Hoke v. Libby, McNeil & Libby,* 73 Or App 44, 697 P2d 993 (1985).

Affirmed.