Argued and submitted January 10, affirmed April 9, reconsideration denied July 3, petition for review denied July 29, 1986 (301 Or 445)

In the Matter of the Compensation of
Johnnie Stepp, Claimant.
## STEPP,
*Petitioner,*

*v.*

## SAIF CORPORATION et al,
*Respondents.*

(WCB 83-01242; CA A34646)

717 P2d 216

David C. Force, Eugene, argued the cause, and filed the brief for petitioner.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause and filed the brief for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge Pro Tempore, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Claimant seeks review of a Workers' Compensation Board order reversing a referee's award of permanent total disability. The Board found that claimant had failed to prove a permanent worsening of his compensable condition. We affirm.

■ In January, 1977, claimant sustained multiple compensable injuries. The claim was closed in October, 1978, with an award of 15 percent unscheduled permanent disability. Pursuant to an agreement of the parties, a stipulated order dated April 11, 1979, increased the award to 80 percent. In May, 1980, claimant made an aggravation claim. On November 5, 1981, a hearing was held on SAIF's denial of that claim. On April 30, 1982, a referee set aside the denial and ordered the claim reopened as of May 16, 1980, and the Board affirmed. On January 25, 1983, a determination order closed the aggravation claim with an award of temporary total disability and determined that claimant was not entitled to an award of permanent partial disability in excess of the 80 percent earlier stipulated. Claimant requested a hearing. The referee concluded that he was permanently and totally disabled. The Board reversed, because the evidence failed to show a permanent worsening of claimant's compensable condition since the last arrangement of compensation, *i.e.,* the April 11, 1979, stipulated order. The Board found:

> "We agree with the Referee's finding that claimant's physical condition is not substantially different now than it was at the time of the prior [hearing on the denied aggravation claim] in November 1981. We also agree with the Referee that claimant's mental condition is not substantially different than it was at the time of the November 1981 hearing. In addition, and more important, we find that claimant's physical and mental conditions are no different now than they were at the time of the execution of the 1979 stipulation awarding claimant 80% permanent partial disability and we, therefore, disagree with the Referee's award of permanent total disability.
>
> "Although it is true that claimant suffered an aggravation of his condition in May 1980, the medical evidence clearly indicates that this was only a temporary exacerbation and that claimant has since returned to his pre-aggravation status with no additional impairment."

ORS 656.273(1) governs the compensation to which a worker is entitled as the result of a worsening of a compensable condition:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

In order to prevail on an aggravation claim under the statute, a worker must show (1) a worsening of the compensable condition since the last award or arrangement of compensation and (2) a causal connection between the worsening and the compensable condition. *Brewer v. SAIF,* 59 Or App 87, 89, 650 P2d 947 (1982). Under ORS 656.273(1), a worker who proves a temporary worsening is entitled to additional temporary compensation. Similarly, proof of a permanent worsening entitles the worker to additional permanent compensation.

After reviewing the record *de novo,* we agree with the Board that claimant failed to prove a permanent worsening of his compensable condition since the stipulated order. Although there is substantial evidence that claimant suffered an aggravation in May, 1980, we are satisfied that that worsening was temporary and that claimant thereafter returned to his preaggravation status, without any additional permanent impairment. In a report dated August 17, 1982, claimant's doctor summed up claimant's condition:

"It is my opinion that treatment is only palliative and not curative in general for this patient. He will always have exacerbations and remissions, and there is also an emotional component with his chronic, irreversible problems.

"I feel his permanent partial disability or impairment, is adequately rewarded at 80% * * *."

Claimant appears to argue, however, that, once he proves a temporary worsening, he is entitled to a redetermination of the extent of his permanent disability, even though his compensable condition has not permanently worsened. He cites no authority for that proposition, and we have found none.[1] The effect of that argument would allow him to

---

[1] *But see Hanna v. SAIF,* 65 Or App 649, 652, 672 P2d 67 (1983), holding that, under ORS 656.268(5), a change in a worker's condition is not required to obtain a redetermination of the extent of disability on the termination of a vocational rehabilitation program.

relitigate the April, 1979, stipulated order for permanent partial disability. That is not permissible. The stipulated order is conclusive as to the extent of the disability on that date. *Waldroup v. J. C. Penney Co.,* 30 Or App 443, 448, 567 P2d 576 (1977). That determination cannot be relitigated in an aggravation claim. *Deaton v. SAIF,* 33 Or App 261, 263, 576 P2d 35 (1978). Without a permanent worsening of the compensable condition, there is no justification for redetermining the extent of permanent disability.[2]

Affirmed.

---

[2] Claimant can also be understood to argue that he was, in fact, permanently and totally disabled when he stipulated to the permanent partial disability award. Without evidence of a permanent worsening since that time, he is bound by the stipulation.