On respondent's reconsideration filed April 2, reconsideration allowed; former opinion
(78 Or App 187, 714 P2d 1117) withdrawn and Board's order affirmed May 21, 1986

In the Matter of the Compensation of
Raymond P. Davidson, Claimant.

DAVIDSON,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 83-10512; CA A34909)

719 P2d 75

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Darrell E. Bewley, Assistant Attorney General, Salem, for petitions.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

.

## WARDEN, J.

SAIF petitions for review of our decision in *Davidson v. SAIF,* 78 Or App 187, 714 P2d 1117 (1986). The petition serves as one for reconsideration in this court. ORAP 10.10. The Workers' Compensation Board had reversed the referee's award of permanent total disability and awarded no increase in permanent disability, concluding that claimant's condition had not worsened since the last determination of permanent disability. We modified the Board's order and awarded claimant an additional 56 degrees unscheduled permanent partial disability. In light of our recent opinion in *Stepp v. SAIF,* 78 Or App 438, 717 P2d 216 (1986), we allow SAIF's petition for reconsideration, withdraw our former opinion and affirm the Board's order.

Claimant has a compensable recurrent hernia condition. The last arrangement of compensation was by a stipulation dated March 18, 1983, which awarded him an additional 72 degrees of permanent partial disability for a total of 184 degrees. The next month claimant had his sixth hernia repair operation. After each operation, he has developed a new softening and laxity in his abdominal wall, eventually requiring additional surgery.

In *Stepp v. SAIF, supra,* we held that, even though the claimant had suffered an exacerbation, he was not entitled to have his permanent disability award redetermined, because the worsening was only temporary and the condition had returned to pre-aggravation status. He had not proved any permanent worsening. Similarly, in this case, on reconsideration, we find no evidence of permanent worsening of claimant's condition. His worsened condition before surgery was only temporary and, after surgery, he returned to his pre-aggravation status. Even if the full extent of his condition was unknown at the time of the stipulation, claimant still must prove a permanent worsening of his compensable condition in order to obtain an increased award of permanent disability. He has not done so. He is not entitled to any additional permanent disability. It was error for us to have held otherwise.

Petition for reconsideration allowed; former opinion withdrawn; affirmed.