Argued and submitted March 10, affirmed July 23, 1986

In the Matter of the Compensation of
Jeffrey L. Linday, Claimant.

LINDAY,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 84-06636; CA A36920)

722 P2d 39

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Christopher D. Moore and Malagon & Associates, Eugene.

John A. Reuling, Jr., Assistant Attorney General, Salem,

argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Claimant seeks judicial review of a Workers' Compensation Board order that upheld the closure of his claim by a determination order dated June 15, 1984, and made a permanent partial disability award for the loss of use of his right leg. Claimant asks that we set aside the determination order as premature or, alternatively, that we remand for reopening to consider claimant's lumbosacral sprain as an aggravation of his compensable industrial injury. We affirm.

■ Claimant broke his ankle in a logging accident on March 5, 1979. After several years, ankle fusion surgery was performed by claimant's treating physician, Dr. Van Olst. As a result of his injury, claimant's right leg is significantly shorter than his left, and he walks with a pronounced limp. In a May 15, 1984, letter to SAIF, Van Olst reported that claimant's medical condition was medically stationary and no further treatment was called for. He recommended that the claim be closed.[1] A neurological report from Dr. Brooks, who examined claimant on Van Olst's referral, was also submitted to SAIF. That report indicated that claimant had suffered increasing leg, hip and back pain ever since his compensable injury. Nothing in Brooks' report contradicts Van Olst's conclusion that claimant was medically stationary, and we find that the 1984 claim closure was justified.

Claimant was awarded 90 degrees scheduled permanent partial disability when the claim was closed in 1984. He was then referred to the Callahan Center for a vocational assessment. In a report dated July 16, 1984, Dr. Toon stated:

"The main problem here will be weight bearing on the right leg and future employment should avoid prolonged standing or sitting, walking, stairs, ladders, uneven terrain, and heavy lifting. Within the above restrictions, this patient should be able to handle light to medium work."

In August, 1984, claimant sought treatment from Dr. Wichser, who reported that he had "severe muscle spasms in his right leg and back secondary to abnormal ambulation on

---

[1] ORS 656.005(17) reads:

" 'Medically stationary' means that no further material improvement would reasonably be expected from medical treatment, or the passage of time."

his operated ankle." The report was forwarded to SAIF and constituted a claim for aggravation. *Haret v. SAIF,* 72 Or App 668, 697 P2d 201, *rev den* 299 Or 313 (1985).

Van Olst examined claimant again for his lower back complaints on September 10, 1984. The examination revealed that he had a full range of motion in his back except for some loss in right and left rotation, with tightness but no pain. Use of a previously prescribed one-half inch shoe lift on the right leg leveled claimant's mild pelvic tilt and led to a marked decrease in lower back pain. Van Olst concluded that the ankle condition remained stable and that he was medically stationary. The low back pain was secondary to the shortening of his right leg and constituted a lumbosacral sprain, which was stabilized with the use of the shoe lift.

SAIF informed claimant on September 28, 1984, that it had concluded that his condition had not materially worsened and that his aggravation claim was denied. On October 14, 1984, Wichser reported that claimant's status had "markedly improved." He noted that the muscle spasm in the leg was no longer a "material problem" and made no mention of claimant's back spasm, although a reasonable inference would be that it too had been alleviated. Van Olst issued a follow-up report to the Board on December 11, 1984, stating:

> "[Claimant's] back complaints were never incapacitating and it is my impression that he would not require any additional limitations [to those prescribed for his ankle condition] other than wearing a previously prescribed heel lift in the right boot. The back problem was never disabling but was aggravating and is stabilized by the use of the heel lift."

A hearing was held on the denial of the aggravation claim. The referee found that the medical reports objectively demonstrated that claimant had no increased disability beyond the 1984 award. We note that the restrictions placed on claimant by Wichser when his muscle spasm problem was at its worst were no more severe than those recommended previously because of his ankle condition. The referee concluded:

> "Claimant's back problem, while arising from the right leg surgery, was temporary in nature and has been largely alleviated through use of a shoe lift and physical therapy."

We have previously explained that, in a claim for

aggravation, "a claimant must prove by a preponderance of the evidence a worsening of his condition since the last award or arrangement of compensation and a causal relation between the worsening and his compensable injury." *Hoke v. Libby, McNeil & Libby,* 73 Or App 44, 46, 697 P2d 993 (1985); *Brewer v. SAIF,* 59 Or App 87, 650 P2d 947 (1982). In this case, one result of claimant's compensable injury was a shortening of his leg which ultimately required the use of a shoe lift. Without the lift his condition became symptomatic with low back pain. The symptoms were alleviated after a brief period of therapy.

■■ At the hearing, claimant was not using the lift and continued to complain of back pain while acknowledging that use of the lift alleviated the pain. We agree with the referee's finding that the medical evidence provides objective evidence that his condition had not materially worsened since the last award of compensation. As in *Hoke v. Libby, McNeil & Libby, supra,* claimant's complaints of pain fail to sustain his burden of proof in the light of objective medical evidence indicating that there was no worsening.[2] Moreover, the record also shows that, although claimant has some back pain, he is not further disabled by it. The workers' compensation law does not compensate for pain, but only for the disabling effects of pain. *Harwell v. Argonaut Insurance Co.,* 296 Or 505, 509, 678 P2d 1202 (1984).

Affirmed.

---

[2] A July, 1984, psychological evaluation by Dr. Norman indicated that claimant was likely to overstate his current level of physical discomfort and overevaluate minimal physical dysfunction.