Argued and submitted April 8, Court of Appeals and Workers' Compensation Board
affirmed November 24, 1987

In the Matter of the Compensation of
Johnnie Stepp, Claimant.

STEPP,
*Petitioner on Reconsideration,*

*v.*

SAIF CORPORATION et al,
*Respondents on Reconsideration.*

(WCB 83-01242; CA A34646; SC S32946)

745 P2d 1207

James L. Edmunson, Eugene, argued the cause for petitioner on reconsideration. With him on the petition were Karen M. Werner and Malagon & Moore, Eugene.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent on reconsideration.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Jones, Justices.

PETERSON, C. J.

## PETERSON, C. J.

The claimant seeks review of the Court of Appeals' affirmance of a Workers' Compensation Board order that reversed a referee's award of permanent total disability. *Stepp v. SAIF,* 78 Or App 438, 717 P2d 216 (1986). On October 28, 1986, this court remanded the case to the Court of Appeals for consideration in light of our decision in *Smith v. SAIF,* 302 Or 109, 727 P2d 123 (1986) *("Smith I")*. *Stepp v. SAIF,* 302 Or 148, 727 P2d 125 (1986) (memorandum opinion). We thereafter reconsidered our opinion in *Smith I,* withdrew the earlier opinion and issued a superseding opinion. *Smith v. SAIF,* 302 Or 396, 730 P2d 30 (1986) *("Smith II")*. SAIF then petitioned for reconsideration in the present case. We allowed the petition and affirmed the decision of the Court of Appeals. *Stepp v. SAIF,* 302 Or 459, 729 P2d 577 (1986) (memorandum opinion). The claimant then petitioned for reconsideration, which was allowed. We again affirm the decision of the Court of Appeals.

There is little real dispute about the facts. On January 31, 1977, the claimant suffered multiple compensable injuries while employed by Perry Brothers Veneer Company, insured by the State Accident Insurance Fund Corporation (SAIF). The claimant then was 51 years old. He suffered post-concussion syndrome with extreme nervousness, chronic cervical strain, chronic lumbar strain and chronic post-concussive muscle tension headaches.

The claim was closed by a determination order on October 26, 1978, that awarded compensation of 15 percent unscheduled permanent partial disability (PPD) for injuries to the head, neck and back. The claimant appealed the determination order. By a stipulated order of April 11, 1979, the claimant's award was increased to a total of 80 percent (256 degrees) unscheduled PPD.

In May 1980 the claimant saw his doctor complaining of headaches and increased cervical and lumbar pain following work at home on a chicken coop. He thereafter asserted an aggravation claim. SAIF denied the claim.

On April 30, 1982, a referee set aside the denial, ordered the claim reopened as of May 16, 1980, and remanded

the aggravation claim to SAIF for acceptance as a compensable claim. The Evaluation Division thereafter closed the claim with a determination order that granted the claimant additional temporary total disability (TTD) benefits but denied his claim for additional unscheduled PPD.

The claimant requested a hearing. On September 13, 1983, the referee ordered an award of compensation for permanent total disability.

The Board reversed the referee's award of permanent total disability. It found:

"* * * [W]e find that claimant's physical and mental conditions are no different now than they were at the time of the execution of the 1979 stipulation awarding claimant 80% permanent partial disability and we, therefore, disagree with the Referee's award of permanent total disability.

"Although it is true that claimant suffered an aggravation of his condition in May 1980, the medical evidence clearly indicates that this was only a temporary exacerbation and that claimant has since returned to his pre-aggravation status with no additional impairment."

The Court of Appeals reviewed the record *de novo* and found:

"After reviewing the record *de novo,* we agree with the Board that claimant failed to prove a permanent worsening of his compensable condition since the stipulated order. Although there is substantial evidence that claimant suffered an aggravation in May, 1980, we are satisfied that that worsening was temporary and that claimant thereafter returned to his preaggravation status, without any additional permanent impairment."

78 Or App at 441. This court accepts and will not disturb this finding. *Boise Cascade v. Starbuck,* 296 Or 238, 240, 245, 675 P2d 1044 (1984); *Sahnow v. Fireman's Fund,* 260 Or 564, 568, 491 P2d 997 (1971).

The Court of Appeals also stated:

"Claimant appears to argue, however, that, once he proves a temporary worsening, he is entitled to a redetermination of the extent of his permanent disability, even though his compensable condition has not permanently worsened. He cites no authority for that proposition, and we have found none.[1] The effect of that argument would allow him to relitigate the

April, 1979, stipulated order for permanent partial disability. This is not permissible. The stipulated order is conclusive as to the extent of the disability on that date. *Waldroup v. J. C. Penney Co.*, 30 Or App 443, 448, 567 P2d 576 (1977). That determination cannot be relitigated in an aggravation claim. *Deaton v. SAIF*, 33 Or App 261, 263, 576 P2d 35 (1978). Without a permanent worsening of the compensable condition, there is no justification for redetermining the extent of permanent disability.[2]

---

"[1] * * * * *

"[2] Claimant can also be understood to argue that he was, in fact, permanently and totally disabled when he stipulated to the permanent partial disability award. Without evidence of a permanent worsening since that time, he is bound by the stipulation."

78 Or App at 441-42.

The findings of the Board and Court of Appeals are that the injury-caused condition is no worse than in 1979. The claimant argues that, even with no change in that condition, he is entitled to increased disability compensation. He asserts:

"The Court of Appeals ignored the fact that passage of time itself is a factor which could not have been taken into account in a prior proceeding, including the history of exacerbation and subjective complaints of worsening. A claimant who seeks a contemporary evaluation of lost earning capacity upon closure of an aggravation claim is not, as the Court of Appeals in this case suggested, seeking to 'relitigate' an earlier claim closure, 78 Or App at 442. There is a new body of operative facts reflecting present inability to work, upon which the redetermination is based."

To respond to claimant's argument we examine several workers' compensation statutes. ORS 656.206(1) defines PTD as:

"* * * the loss, including pre-existing disability, of use or function of any scheduled or unscheduled portion of the body which permanently incapacitates the worker from regularly performing work at a gainful and suitable occupation. As used in this section, a suitable occupation is one which the worker has the ability and the training or experience to perform, or an occupation which the worker is able to perform after rehabilitation."

ORS 656.214(5) concerns PPD awards of unscheduled disability and provides:

"In all cases of injury resulting in permanent partial disability, other than those described in subsections (2) to (4) of this section, the criteria for rating of disability shall be the permanent loss of earning capacity due to the compensable injury. Earning capacity is the ability to obtain and hold gainful employment in the broad field of general occupations, taking into consideration such factors as age, education, training, skills and work experience. * * *"

■ ORS 656.273(1) provides for additional benefits for worsened conditions resulting from the original injury. It states:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

ORS 656.273(2) states that "[t]o obtain additional services or disability compensation, the injured worker must file a claim for aggravation. * * *"

ORS 656.273(1) is the statute that permits an additional award of PTD or PPD after the first award or arrangement of compensation. The phrase "for worsened conditions resulting from the original injury" refers to the condition resulting from the original injury that gave rise to the initial award or arrangement of compensation. If that condition worsens and the worker's earning capacity further is reduced, ORS 656.216(5), the worker is entitled to additional disability compensation. The phrase does not refer to other conditions such as age, education or health conditions unrelated to the injury-caused health condition.

■ The approach advanced by the claimant is simple but incorrect. His formula is: (Lost earning capacity at time of second hearing) less (lost earning capacity at time of first hearing) equals worsening. This approach overlooks the requirement of ORS 656.273(1) that the condition itself be worsened and would result in employers and insurers paying for a host of disabilities (such as increasing age and other health conditions) that are unrelated to the earlier injury.

True, to recover additional PPD, the worker is

required to demonstrate a permanently reduced earning capacity. But that alone does not establish a "worsening." The claimant must show that the condition that gave rise to the original award or arrangement has itself permanently worsened. This result is consistent with the PPD and PTD scheme. The threshold requirement to recovery of a PTD or PPD award is a permanent injury. The threshold requirement to recover increased PPD or PTD is a greater permanent injury than formerly existed. Here, such evidence is lacking. Indeed, the Board and Court of Appeals both found that, if anything, the condition that gave rise to the original award had improved.

■       On a worsening claim for additional PPD or PTD, the referee, Evaluation Division and Board should first compare the claimant's present medical condition with the condition at the time of the earlier award or arrangement of compensation. If that condition is unchanged or improved, no further inquiry is necessary, for there has been no worsening.[1]

We agree with the Court of Appeals that the claimant is, in effect, seeking to reopen the 1979 hearing without proving a permanently worsened condition. That determination is final.

The decisions of the Court of Appeals and the Workers' Compensation Board are affirmed.

---

[1] A condition can "worsen" in many ways. A PPD award for loss of a leg or arm that, after the award, creates problems to other parts (such as the spine), would support an additional disability award, if earning capacity is adversely affected.