Argued and submitted April 8, Court of Appeals and Workers' Compensation Board
affirmed November 24, 1987

In the Matter of the Compensation of
Raymond P. Davidson, Claimant.

DAVIDSON,
*Petitioner on Reconsideration,*

*v.*

SAIF CORPORATION et al,
*Respondents on Reconsideration.*

(WCB 83-10512; CA A34909; SC S33090)

745 P2d 1206

Robert Wollheim of Welch, Bruun & Green, Portland, argued the cause and filed the petition for petitioner on reconsideration.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents on reconsideration.

PETERSON, C. J.

## PETERSON, C. J.

*Stepp v. SAIF*, 304 Or 375, 745 P2d 1207 (1987), holds that in order to obtain an increased award of permanent disability on a worsening claim filed pursuant to ORS 656.273(1), a worker must show that the condition resulting from the original injury has permanently worsened since the earlier disability award. The threshold question in this case, as in *Stepp*, is whether the claimant has established a permanently worsened condition.

The Court of Appeals first held that he had, *Davidson v. SAIF*, 78 Or App 187, 714 P2d 1117 (1986), and increased his permanent partial disability award. SAIF petitioned for reconsideration, ORAP 10.10. The Court of Appeals thereafter withdrew its first opinion and awarded no additional compensation, stating:

> "In *Stepp v. SAIF*,[ 78 Or App 438, 717 P2d 216 (1986)], we held that, even though the claimant had suffered an exacerbation, he was not entitled to have his permanent disability award redetermined, because the worsening was only temporary and the condition had returned to pre-aggravation status. He had not proved any permanent worsening. Similarly, in this case, on reconsideration, we find no evidence of permanent worsening of claimant's condition. His worsened condition before surgery was only temporary and, after surgery, he returned to his pre-aggravation status. Even if the full extent of his condition was unknown at the time of the stipulation, claimant still must prove a permanent worsening of his compensable condition in order to obtain an increased award of permanent disability. He has not done so. He is not entitled to any additional permanent disability. It was error for us to have held otherwise."

*Davidson v. SAIF,* 79 Or App 448, 450, 719 P2d 75 (1986).

The Court of Appeals' analysis and holding on reconsideration is consistent with our holding in *Stepp v. SAIF, supra.* Because the claimant's condition after surgery was no worse than before, no permanent worsening was established.

The decisions of the Court of Appeals and the Workers' Compensation Board are affirmed.