Argued and submitted March 27, affirmed June 26, 1991

In the Matter of the Compensation of
Paul R. Lewis, Claimant.

Paul R. LEWIS,
*Petitioner,*

*v.*

McCRACKEN MOTOR FREIGHT
and Liberty Northwest Insurance Corp.,
*Respondents.*

(WCB 88-19061, 88-19062; CA A65618)

813 P2d 78

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Jon C. Correll and Malagon, Moore & Johnson, Eugene.

Stafford J. Hazelett, Portland, argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

■ Claimant seeks review of a Workers' Compensation Board order holding that he is not entitled to an award of permanent partial disability. The issue is whether the 1987 amendments to ORS 656.295(5) changed the requirement that he prove a worsening of his left knee condition since the last determination order. We affirm.

The Board found that claimant had compensably injured his left knee in February, 1986. The claim was closed in September, 1986, by a determination order that awarded no permanent disability. Claimant continued to experience pain and eventually underwent arthroscopic surgery in 1988. As a result, his claim was reopened. Employer then closed the claim with a notice of closure and without an award of permanent disability. That triggered this proceeding. The Board found that claimant's condition "has not permanently worsened since his claim was initially closed in September 1986."

ORS 656.295(5) provides:

"The review by the board shall be based upon the record submitted to it under subsection (3) of this section and such oral or written argument as it may receive. *The board shall apply to the review of the claim such standards for the evaluation of disability as may be adopted by the director pursuant to ORS 656.726. Nothing in this section shall be construed to prevent or limit the right of a worker, insurer or self-insured employer to present evidence * * * that the degree of disability suffered by the claimant is more or less than the entitlement indicated by the standards adopted by the director under ORS 656.726.* However, if the board determines that a case has been improperly, incompletely or otherwise insufficiently developed or heard by the referee, it may remand the case to the referee for further evidence taking, correction or other necessary action." (Emphasis supplied.)

The emphasized language was added in 1987; it applies to all claims that have become medically stationary on or since January 1, 1988. Or Laws 1987, ch 884, §§ 12, 62(2).[1]

---

[1] Section 62(2) provides:

"For purposes of ORS 656.202, amendments by this Act to ORS 656.218, 656.268, 656.283, 656.295 and 656.319 shall not be considered to be the

ORS 656.273(1) also is pertinent to the issue in this case. It was not amended in 1987 or 1989. At the time of these proceedings, it provided:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for *worsened conditions* resulting from the original injury." (Emphasis supplied.)[2]

In *Stepp v. SAIF,* 304 Or 375, 745 P2d 1207 (1987), the Supreme Court held that, under ORS 656.273(1), the claimant was not entitled to additional compensation for permanent disability compensation, because he had failed to establish a permanent worsening of his condition since the last arrangement of compensation. It said:

"On a worsening claim for additional PPD or PTD the referee, Evaluation Division and Board should first compare the claimant's present medical condition with the condition at the time of the earlier award or arrangement of compensation. *If that condition is unchanged or improved, no further inquiry is necessary, for there has been no worsening.*" 304 Or at 381. (Footnote omitted; emphasis supplied.)

Claimant assigns error to the Board's refusal to apply the disability rating standards of ORS 656.295(5). He argues that the 1987 amendment to that statute dictates that the standards be applied, because he became medically stationary after January 1, 1988. He also argues that, in the light of that amendment, *Stepp* is no longer good law. Employer argues that, because ORS 656.273(1) was not amended in 1987, *Stepp* controls.

The 1987 amendments to the Workers' Compensation Law included a mandate that the Evaluation Division, insurers, referees and the Board apply disability rating standards promulgated by the agency's director. Or Laws 1987, ch 884, §§ 2, 10, 11 and 12. That mandate was an attempt to standardize the rating of permanent disabilities and to increase thereby the likelihood that an award of benefits for a

payment of benefits and shall apply to all claims which become medically stationary on or after January 1, 1988."

[2] ORS 656.273(1) was amended in the 1990 Special Session. Or Laws 1990, ch 2, § 18(1). The amendment does not affect this case.

permanent disability would be upheld on review. Minutes, Senate Committee on Labor 5 (June 9, 1987—comments of Virginia Culver, Evaluation Division Administrator). The amendments did not change ORS 656.273(1). There is no mention of that statute or *Stepp v. SAIF, supra,* in the legislative history. *Stepp* remains good law and, in the aggravation context, the disability rating standards mandated by ORS 656.295(5) apply only if a claimant first establishes a worsening. Here, claimant failed to prove that his knee condition has worsened since the 1986 determination order. It follows that the disability rating standards were not implicated and that the Board did not err.

■      Claimant also assigns error to the Board's reversal of the referee's award of a penalty and attorney fees. The Board determined that, under ORS 656.268(3)(a), the insurer's issuance of the Notice of Closure was improper and unreasonable, because claimant had not yet obtained permanent employment. Nonetheless, it concluded that claimant was not entitled to a penalty or attorney fees, because

> "there are no 'amounts then due' upon which to base a penalty. Further, because there has been no unreasonable resistance to the payment of compensation, we do not assess an attorney fee." (Citation omitted.)

We agree. ORS 656.268(3)(f); ORS 656.382(1). *See Randall v. Liberty Northwest Ins. Corp.,* 107 Or App 599, 813 P2d 1120 (1991).

     Affirmed.